**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Christopher Michael GUNTHER,
Defendant–Appellant.**

**No. 03–1092.**

United States Court of Appeals,
Sixth Circuit.

Aug. 11, 2003.

Before BATCHELDER and ROGERS, Circuit Judges; and RUSSELL, District Judge.*

### ORDER

Christopher Michael Gunther appeals his judgment of conviction and sentence. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

Gunther pleaded guilty to a charge of being a felon in possession of a firearm, a

---

* The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation.

* The Honorable Thomas B. Russell, United States District Judge for the Western District of Kentucky, sitting by designation.

violation of 18 U.S.C. §§ 922. The district court sentenced Gunther to a total of 102 months of imprisonment to be followed by three years of supervised release.

In this timely appeal, Gunther's appointed counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Gunther was notified of counsel's motion to withdraw, but he has not responded.

The *Anders* brief submitted by counsel reflects that counsel has reviewed the entire record and proceedings. Our independent review of the record shows that counsel accurately submits that this case presents no colorable issue for appeal.

The district court properly accepted Gunther's valid guilty plea. A plea of guilty is valid if entered knowingly, voluntarily, and intelligently; its validity is determined under the totality of the circumstances. *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *Brady v. United States*, 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The Constitution requires that such circumstances reflect that the defendant be informed of all the direct consequences of his plea. *Brady*, 397 U.S. at 755, 90 S.Ct. 1463. The district court assured that Gunther understood the constitutional rights he was waiving, the statutory maximum sentence he faced, and the applicability of the Sentencing Guidelines. The district court explained that no specific sentence was guaranteed by the plea agreement. Finally, the court painstakingly established that there was a factual basis for Gunther's plea. Fed.R.Crim.P. 11(b)(1),(2), & (3).

The district court also properly sentenced Gunther. Upon Gunther's motion, the sentencing judge departed downward, pursuant to USSG § 4A1.3 and § 5K2.0, because Gunther's criminal history over-

stated the likelihood that he would commit further crimes. The departure lowered Gunther's range of sentencing from 110–to 137 months of imprisonment to 100–to–125 months of imprisonment. In accord with a provision in Gunther's plea agreement, the government conceded that a sentence at the low end of the guideline range would be appropriate.

Although Gunther sought a greater downward departure, the extent, scope, or degree of a district court's downward departure generally is not an appealable issue. *See United States v. Gregory*, 932 F.2d 1167, 1168–69 (6th Cir.1991) (concerning a departure under § 5K1.1).

Lastly, we have reviewed the record, and we conclude that no other nonfrivolous issue exists. Accordingly, we GRANT counsel's motion to withdraw and AFFIRM the district court's judgment of conviction and sentence. Rule 34(j)(2)(C), Rules of the Sixth Circuit.