*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 05a0322p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

No. 04-5618

JUSTIN JONES,

*Defendant-Appellant.*

>

---

Appeal from the United States District Court
for the Eastern District of Tennessee at Greeneville.
No. 02-00080—J. Ronnie Greer, District Judge.

Argued: July 19, 2005

Decided and Filed: August 1, 2005

Before: CLAY, GILMAN, and COOK, Circuit Judges.

---

**COUNSEL**

---

**ARGUED:** Charles G. Currier, Knoxville, Tennessee, for Appellant. Nancy Stallard Harr, ASSISTANT UNITED STATES ATTORNEY, Greenville, Tennessee, for Appellee. **ON BRIEF:** Charles G. Currier, Knoxville, Tennessee, for Appellant. Nancy Stallard Harr, ASSISTANT UNITED STATES ATTORNEY, Greenville, Tennessee, for Appellee.

---

**OPINION**

---

CLAY, Circuit Judge. Justin Jones appeals his 540-month sentence for carjacking. 18 U.S.C. § 2119. So far as we can discern from his brief and counsel's presentation at oral argument, Jones claims the district court engaged in constitutionally impermissible judicial fact-finding as it determined the appropriate extent of a downward departure, which the district court granted on account of Jones's substantial assistance to the government. *See* U.S.S.G. § 5K1.1. Because the extent of a downward departure for substantial assistance is not subject to appellate review and because the cases Jones cites, *Blakely v. Washington*, 124 S. Ct. 2531 (2004), and *United States v. Booker*, 125 S. Ct. 738 (2005), do not support a departure from this rule in this case, we **AFFIRM**.

## BACKGROUND

The government charged Jones and Joey Lee Goins with conspiracy, 18 U.S.C. § 371, two counts of aiding and abetting each other in carjacking with the intent to cause death or serious bodily harm, 18 U.S.C. §§ 2, 2119, and two counts of aiding and abetting each other in bank robbery by force or violence, 18 U.S.C. §§ 2, 2113(a).  The district court severed the cases against Jones and Goins without opposition from the government.  Pursuant to a plea agreement, Jones pled guilty to conspiracy, one count of carjacking, and one count of bank robbery.  Jones's plea agreement provided that the sentence for the carjacking count would be life imprisonment unless Jones furnished substantial assistance to the government.  *See* U.S.S.G. § 5K1.1.  After an eleven-day trial at which Jones testified against Goins, the jury convicted Goins of conspiracy, carjacking with intent to cause death or serious bodily injury, and bank robbery by force or violence.  The district court denied Goins's motion for judgment of acquittal or a new trial and sentenced him to the following terms of imprisonment: 60 months for conspiracy, life imprisonment for carjacking, and 300 months for bank robbery.  In Jones's case, the government moved for a downward departure under § 5K1.1.  The district court agreed that a downward departure was appropriate but declined to accept the government's or Jones's recommendation as to the extent of the departure.  The government recommended a downward departure such that Jones's sentence would fall somewhere in the 324-month to 405-month range, the range for defendants with an offense level of 41 and criminal history category of I; Jones advocated for a sentence of 264 months (22 years).  The district court sentenced Jones to 540 months (45 years) of imprisonment and in this opinion we deal with Jones's appeal of that sentence.  In a separate appeal, Goins raises various challenges to his convictions.

## DISCUSSION

The bulk of Jones's brief is devoted to arguing that the waiver of appeal provision in his plea agreement is unenforceable because, under *Blakely*, 124 S. Ct. 2531 (2004), his sentence was a violation of law.  In the ordinary case (so long as Jones's plea was voluntary and the colloquy proper under Fed. R. Crim. P. 11, *see United States v. Murdock*, 398 F.3d 491, 495-500 (6th Cir. 2005)), this Court would enforce the waiver provision and dismiss Jones's appeal for lack of jurisdiction.  *United States v. McGilvery*, 403 F.3d 361 (6th Cir. 2005); *United States v. Bradley*, 400 F.3d 459, 465 (6th Cir. 2005); *United States v. Yoon*, 398 F.3d 802, 808 (6th Cir. 2005).  This case is unique, however, because the government expressly concedes in its brief (and conceded again at oral argument) that the waiver of appeal provision does not extend to the argument Jones appears to make in this case, namely, that his sentence is unconstitutional under *Blakely*.  Consequently, we have jurisdiction over the appeal.[1]  The government's willingness to proceed to the merits of Jones's apparent argument makes it odd that Jones focuses his brief on the alleged invalidity of the appellate waiver provision.  Nevertheless, Jones's argument on the merits is somewhat discernable.

Jones apparently contends that his 540-month sentence for carjacking was the result of the kind of judicial fact-finding that the Supreme Court held unconstitutional in *Blakely* and *Booker*, 125 S. Ct. 738 (2005), although Jones cites only *Blakely* in his brief, his counsel's first reference to *Booker* coming at oral argument.  In any event, the "factual" findings Jones objects to on appeal are those the district court made in relation to the government's § 5K1.1 motion, i.e., findings to the effect that Jones's assistance was not as substantial as he suggested.  The court granted the motion, but refused to sentence Jones to less than 540 months in prison, although the government had recommended a range of 324 to 405 months (corresponding to an offense level of 41 with criminal history category I) and Jones had proposed a sentence of 264 months.

---

[1] A plea agreement is a contract and, consistent with traditional principles of contract law, if both parties to the agreement agree to a particular interpretation of the agreement, the parties' interpretation should be given effect.  *See Ricketts v. Adamson*, 483 U.S. 1, 10-12 (1987);  *United States v. Robison*, 924 F.2d 612, 613 (6th Cir. 1991).

The plea agreement, it must be remembered, stipulated that the carjacking sentence would be life in prison unless Jones furnished substantial assistance. Further, the plea agreement – which the district court reviewed with Jones on the record in open court – also apprised Jones of the fact that the district court retained discretion regarding whether to grant a downward departure under § 5K1.1 and regarding the extent of such a downward departure. Jones submits that the district court erred in using the sentence of life imprisonment as the point from which to depart downward, arguing that the court should have begun at the starting point apparently recommended by the government, to wit, an offense level of 43.

Jones's argument on this issue confuses us and we respond with three points: first, level 43 corresponds to a life sentence regardless of criminal history, *see* U.S.S.G. Sentencing Table, so we do not see how the court's use of a life term as its starting point was unreasonable; second, the plea agreement specifically provides for a life sentence on the carjacking count unless the district court were to find substantial assistance, so, again, we cannot say the court's decision to depart downward from a life sentence was unreasonable; and, finally, as we discuss below, a district court has complete discretion regarding whether to grant a downward departure for substantial assistance and how much of a departure to grant. In sum, upon a § 5K1.1 motion by the government, the most the defendant and the government itself can do is recommend a particular sentence to the district court. The district court's rejection of a recommendation in this context is not grounds for an appeal by the defendant.

Jones's claim goes to the merits of the district court's determination that a downward departure from a life sentence to a 540-month sentence was appropriate in this case, but a greater departure was not. In other words, it is a claim about the extent of the downward departure. Such a claim is foreclosed by black-letter law regarding downward departures for substantial assistance. As this Court recently held, "the government does not have the ability to request anything more than a [downward] departure; the extent of [a downward] departure is governed by the district court's discretion, as bounded by applicable law." *United States v. Schray*, 383 F.3d 430, 433 (6th Cir. 2004). Indeed, the decisions whether to depart and how much to depart are entirely committed to the district judge's discretion. U.S.S.G. § 5K1.1; *United States v. Gregory*, 932 F.2d 1167, 1169 (6th Cir. 1991). The exercise of appellate jurisdiction is proper only in the rare case in which the district court erroneously thought that it lacked the authority to grant a departure. *Schray*, 383 F.3d at 433-34; *United States v. Smith*, 278 F.3d 605, 609 (6th Cir. 2002); *United States v. Farrow*, 198 F.3d 179, 199 (6th Cir. 1999); *United States v. Byrd*, 53 F.3d 144, 145 (6th Cir. 1995). Where, as in this case, the district court grants a downward departure for substantial assistance and the defendant's claim on appeal goes only to the extent of the departure, this Court has no jurisdiction over the appeal. *United States v. Bullard*, 390 F.3d 413, 415 (6th Cir. 2004); *United States v. Stewart*, 306 F.3d 295, 331 (6th Cir. 2002); *Gregory*, 932 F.2d at 1169; *see* 18 U.S.C. § 3742(a)(3).[2]

Finally, Jones's argument that, in determining whether he had furnished substantial assistance, the district court engaged in judicial fact-finding of the sort held unconstitutional in *Blakely* and *Booker* is unpersuasive. A downward departure for substantial assistance results in a discretionarily *reduced* sentence, not one that is mandatorily increased beyond the maximum authorized by a jury verdict or guilty plea. *Compare Booker*, 125 S. Ct. at 756; *United States v. Oliver*, 397 F.3d 369, 377-78 (2005); *United States v. Milan*, 398 F.3d 445, 450-52 (6th Cir. 2005). *Cf. United States v. Bermúdez*, 407 F.3d 536, 544 (1st Cir. 2005) ("[A] factual finding resulting in the denial of a sentencing reduction is scarcely an 'enhancement.'") (citing *Booker*, 125 S. Ct. at 756). Furthermore, juries do not sit to determine whether and how much a cooperating witness

---

[2]We deal here with the rules controlling the defendant's appeal of a sentence. These are not to be confused with the rules controlling the government's appeal of a sentence, which permit the government to appeal "if the sentence . . . is less than the sentence specified in the applicable guideline range to the extent that [it] includes a lesser . . . term of imprisonment . . . than the minimum established in the guideline range . . . ." 18 U.S.C. § 3742(b)(3).

assisted the government in prosecuting a case. That is a quintessentially judicial function, which is why § 5K1.1 commits it to the sound discretion of district judges.[3]

To sum up, the district court did not engage in constitutionally impermissible fact-finding when it determined the extent of Jones's downward departure for substantial assistance, a determination that in any event was within the court's complete discretion to make.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgment of the district court.[4]

---

[3]After *Booker*, of course, a defendant who received a downward departure for substantial assistance is free to argue that the sentence from which the district court departed was unreasonable in light of 18 U.S.C. § 3553(a)'s sentencing factors. *See Booker*, 125 S. Ct. at 765-66. The facts of the present case, and the arguments put forth by Jones, do not require us to determine whether a defendant could alternatively style such a claim as an argument that the sentence ultimately imposed after any departure is taken into account was unreasonable. We hold only that, however the defendant styles his sentencing claim, insofar as the claim invites appellate review of the extent of a downward departure, it is foreclosed.

[4]In *Gregory*, the seminal case in this circuit regarding a district court's discretion in determining the extent of a § 5K1.1 departure, the Court indicated that it lacked jurisdiction to consider claims about the extent of a departure, 932 F.2d at 1169, but nevertheless affirmed the judgment below, rather than dismissing for lack of jurisdiction. *Id. Compare United States v. Pighetti*, 898 F.2d 3 (1st Cir. 1990); *United States v. Gant*, 902 F.2d 570 (7th Cir. 1990) (both dismissing the appeal). Subsequent decisions of this Court have also affirmed, instead of dismissing the appeal for lack of jurisdiction, *see, e.g.*, *United States v. Dowell*, 16 Fed. Appx. 415, 419 (6th Cir. 2001) (unpublished); *United States v. Gunther*, 71 Fed. Appx. 566, 567 (6th Cir. 2003) (unpublished), and we follow suit.