**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ronald Lee KATSMA, Defendant–
Appellant.**

**Nos. 03–1802, 05–1093.**

United States Court of Appeals,
Sixth Circuit.

Aug. 31, 2005.

562

Michael L. Schipper, Asst. U.S. Attorney, Timothy P. VerHey, Andrew B. Birge, U.S. Attorney's Office for the Western District of Michigan, Grand Rapids, MI, for Plaintiff–Appellee.

Jane E. Lee, Portland, ME, for Defendant–Appellant.

Before SUHRHEINRICH and DAUGHTREY, Circuit Judges, and HOOD,* District Judge.

PER CURIAM.

The defendant, Ronald Lee Katsma, pleaded guilty to being a felon in posses-

* The Hon. Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

sion of a firearm and was sentenced to 84 months in prison, three years of supervised release, a $1,000 fine, and a $100 special assessment. Before this court, Katsma contends, in case number 03–1802, that the district court miscalculated his criminal history category score and that his trial counsel provided him with ineffective assistance by failing to request a downward departure. In case number 05–1093, Katsma claims that the district judge erred in denying the defendant's motion for bond pending appeal. For the reasons discussed below, we conclude that there is no merit to any of the allegations of error advanced by Katsma. We thus affirm the district court's judgments in both case number 03–1802 and case number 05–1093.

## I. FACTUAL AND PROCEDURAL BACKGROUND

With the assistance of a confidential informant, Kent County (Michigan) law enforcement authorities arranged for Ronald Katsma to be able to trade an unloaded, stolen firearm and various stolen power tools for one pound of marijuana. At the conclusion of the exchange, the police arrested Katsma, who was eventually charged in a federal indictment with being a felon in possession of a firearm and with being in possession of a stolen weapon. The defendant later entered a plea of guilty to the felon-in-possession charge in exchange for dismissal of the second count of the indictment.

At sentencing, the district court determined that Katsma should be punished as a criminal history category V, offense level 23 offender. In arriving at that sentencing decision, the court adopted the recommendation of the probation officer that three points should be added to the defendant's criminal history score as a result of a 1991 conviction for the Michigan state offense of delivery of marijuana.

In May 2004, within the one-year period provided by Rule 35(b)(1) of the Federal Rules of Criminal Procedure, the district court reduced the defendant's prison sentence, pursuant to the government's motion, from 84 months to 70 months. Approximately six months later, Katsma moved for release on bond pending appeal, a motion that was denied by the district judge on the ground that the defendant did not establish that he would not be a danger to the community if released and that Katsma could not demonstrate "that his appeal raises a substantial question sufficient to overcome the presumption against release pending appeal." Katsma now contests all adverse rulings made by the district court.

## II. DISCUSSION

### A. Calculation of Criminal History Category

In the aftermath of the Supreme Court's decision in *United States v. Booker*, 543 U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the provisions of the United States Sentencing Guidelines can no longer be considered mandatory by sentencing and reviewing courts, but rather, must be treated as being advisory only. *See id.* at 756–57. Nevertheless, even though *Booker* "severed and rendered inapplicable 18 U.S.C. §§ 3553(b)(1) and 3742(e), which made adherence to the Guidelines mandatory, the *Booker* Court also explained that sentencing courts should continue to *consider* the recommended Guideline sentence. *See Booker*, 125 S.Ct. at 764; *see also* 18 U.S.C. § 3553(a)." *United States v. McDaniel*, 398 F.3d 540, 550–51 (6th Cir.2005) (emphasis added). Thus, we must still address on appeal challenges to guidelines applications and calculations.

■ In his first issue in case number 03–1802, Katsma contends that the district

court erred in its interpretation of § 4A1.1 of the guidelines and in its calculation of the defendant's criminal history category. Specifically, the defendant insists that his 1991 conviction for delivery of marijuana cannot be counted when computing his criminal history points.

Pursuant to the provisions of §§ 4A1.1(a)-(c), a sentencing court is instructed to add three points to a defendant's criminal history category "for each prior sentence of imprisonment exceeding one year and one month," UNITED STATES SENTENCING GUIDELINES MANUAL § 4A1.1(a), two points "for each prior sentence of imprisonment of at least sixty days not counted in (a)," UNITED STATES SENTENCING GUIDELINES MANUAL § 4A1.1(b), and one point "for each prior sentence not counted in (a) or (b)", UNITED STATES SENTENCING GUIDELINES MANUAL § 4A1.1(c). Katsma argues that the district court's inclusion of three points for the defendant's 1991 Michigan conviction was improper because the punishment for that crime did not include a "sentence of imprisonment."

The guidelines themselves provide that "[t]he term 'sentence of imprisonment' means a sentence of incarceration and refers to the maximum sentence imposed." UNITED STATES SENTENCING GUIDELINES MANUAL § 4A1.2(b)(1) (2002). "To qualify as a sentence of imprisonment, the defendant must have actually served a period of imprisonment on such sentence." UNITED STATES SENTENCING GUIDELINES MANUAL § 4A1.2, comment. (n.2) (2002). Moreover, "[i]n the case of a prior revocation of . . . probation . . ., [the court is to] add the original term of imprisonment to any term of imprisonment imposed upon revocation . . . to compute the criminal history points for § 4A1.1(a), (b), or (c), as applicable." UNITED STATES SENTENCING GUIDELINES MANUAL § 4A1.2(k)(1) (2002).

In this case, Katsma argues that his 1991 conviction resulted in a sentence originally served in the equivalent of a halfway house. Consequently, he insists that he did not receive a "sentence of imprisonment" and three points should not have been added to his criminal history category score prior to determining his guideline sentence. As the district court noted, however, the Michigan court judgment explicitly sentenced Katsma in 1991 to nine months *in jail* with "early release to Alternative Directions." The fortuitous happenstance that allowed the defendant to begin service of his sentence at Alternative Directions almost immediately did not change the fact that the actual punishment *imposed* upon Katsma was a *jail sentence* of nine months' duration and not a sentence to a halfway house. Additionally, because the defendant's probationary period after his stay in the halfway house was ultimately revoked, and because Katsma served six more months in prison for that revocation, the defendant's sentence totaled more than 13 months and included a period of actual confinement. Under such circumstances, the district court did not err in adding three points to Katsma's criminal history calculation as a result of his 1991 Michigan conviction.

### B. Allegation of Ineffective Assistance of Counsel

The defendant next asserts that his trial counsel was ineffective in not requesting a downward departure because Katsma's criminal history category significantly over-represented his prior criminal record. Ordinarily, this court will not entertain ineffective assistance of counsel claims on direct appeal because the necessary record on the issue has not been developed adequately. *See, e.g., United States v. Abdullah,* 162 F.3d 897, 905 (6th Cir.1998). For that reason alone, we decline to address this issue at this time.

## C. Request for Resentencing

■ Nor do we find any merit to the defendant's request for resentencing under *Booker*. As we recently held in *United States v. Jones*, 417 F.3d 547, 551 n. 3 (6th Cir.2005), "[a]fter *Booker*, of course, a defendant who received a downward departure for substantial assistance is free to argue that the sentence from which the district court departed was unreasonable [but] insofar as the claim invites appellate review of the extent of a downward departure, it is foreclosed." In this case, the district court reduced Katsma's prison sentence from 84 months to 70 months to take into account the defendant's assistance; any argument by Katsma that the sentence should be reduced further at a new sentencing hearing is thus unavailing.

## D. Denial of Bond Pending Appeal

In case number 05–1093, Katsma contends that the district court erred in denying his motion for bond pending the resolution of this appeal. We review a decision denying bond or bail pending appeal under an abuse of discretion standard. *See United States v. Chilingirian*, 280 F.3d 704, 709 (6th Cir.2002).

■ As we recognized in *Chilingirian*:

To establish entitlement to release pending appeal, defendant must show 1) by clear and convincing evidence, that he is not likely to flee or pose a danger to the safety of another person or the community, and 2) that the appeal is not for delay and raises a substantial question of law or fact likely to result in reversal, an order for new trial, or a sentence that does not include a term of imprisonment[, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.] 18 U.S.C. § 3143(b); *United States v. Pollard*, 778 F.2d 1177, 1181 (6th Cir.1985).

*Id.* (footnote omitted). Here, the district judge concluded:

First, the Court is not convinced that Defendant would not be a danger to the community if released. The mere fact that he was a felon in possession of a gun is indicative that he could be a danger to the community.... Furthermore, as set forth in the presentence report, while on pretrial release, Defendant engaged in illegal drug activity and routinely missed appointments with Pretrial Services, counseling services, and urine screens. Thus, he failed to act responsibly when released in the past. Further, Defendant has not demonstrated that his appeal raises a substantial question sufficient to overcome the presumption against release pending appeal.

The district judge's indication that anyone convicted of being a felon in possession of a firearm is, by that fact, a danger to the community is unnecessarily broad. In this instance, however, Katsma's willingness to barter a stolen firearm for a pound of marijuana is strong evidence of the defendant's disregard for the safety of the community and the danger that his criminal actions could bring. Furthermore, as discussed above, the likelihood that Katsma would succeed on the merits of his appeal was extremely slim. The district judge did not, therefore, abuse his discretion in denying Katsma's motion for release on bond pending appeal.

## CONCLUSION

The district court's calculation of Katsma's criminal history score correctly considered the defendant's 1991 Michigan state conviction. We thus AFFIRM the judgment entered in case number 03–1802.

In case number 05–1093, the defendant has failed to establish that the district

court abused its discretion in denying his request for release pending resolution of this appeal. We therefore AFFIRM the judgment in that case as well.