**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0274n.06
Filed: April 12, 2007

**Nos. 06-5817, 06-5824**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

UNITED STATES OF AMERICA

      **Plaintiff-Appellee,**

v.

WILLIAM MICHAEL BURK, JR.,

      **Defendant-Appellant.**

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY

BEFORE: SILER and SUTTON, Circuit Judges; JORDAN, District Judge.[*]

      **LEON JORDAN, District Judge.** William Michael Burk, Jr. appeals from judgments sentencing him to 324 months imprisonment for conspiring to distribute and possess with intent to distribute methamphetamine, conspiring to commit money laundering, possession of an unregistered machine gun, and carrying a firearm during a drug trafficking crime. For the reasons that follow, we affirm the judgment of the district court.

---

      [*] The Honorable R. Leon Jordan, United States District Judge for the Eastern District of Tennessee, sitting by designation.

I. *Facts*

From at least July 2004 through April 2005, Burk conspired with others to distribute large amounts of methamphetamine from Texas, Nevada, and Mexico to Kentucky and Indiana. Burk routinely carried a firearm while transporting drugs and currency.

At sentencing, the United States moved for a seven-level downward departure based on Burk's "truthfulness and cooperation." According to the government, Burk was "completely forthcoming" and "did everything we asked him to do," providing both unique and corroborative information.

Expressly considering the factors listed in § 5K1.1(a) of the Sentencing Guidelines, the district court characterized the government's request as "overly generous." The motion was granted based on the timeliness, usefulness, and significance of the information provided. However, because some of Burk's assistance was cumulative of information already available to the government, the district court concluded that a three-level reduction was sufficient. Burk's guideline range thus became 324-405 months.

A 324 month sentence was imposed. Initially, the district court noted that the 18 U.S.C. § 3553(a) factors justified a sentence in excess of the guideline range. The court cited the very extensive drug conspiracy involving a large number of people, the harm to the community resulting from the high volume of drugs trafficked, Burk's extensive criminal

history, his individual characteristics, the need for drug treatment, and the need to avoid unwarranted sentence disparities (pertaining to a specified similar defendant). Although the court believed it "would certainly be justified in imposing a sentence above" the guideline range, a sentence at the low end was chosen instead based on concerns for Burk's family. The present appeal followed.

II. *Analysis*

We review a sentence both for procedural and for substantive reasonableness. *United States v. Collington*, 461 F.3d 805, 808 (6th Cir. 2006). At oral argument, Burk's counsel made clear that only substantive reasonableness is at issue in this case. A sentence is substantively unreasonable if the district court "select[s] the sentence arbitrarily, bas[es] the sentence on impermissible factors, fail[s] to consider pertinent § 3553(a) factors or giv[es] an unreasonable amount of weight to any pertinent factor." *Id.* (quoting *United States v. Webb*, 403 F.3d 373, 385 (6th Cir. 2005)).

Where "the district court grants a downward departure for substantial assistance and the defendant's claim on appeal goes *only* to the extent of the departure, this Court has no jurisdiction over the appeal." *United States v. Jones*, 417 F.3d 547, 551 (6th Cir. 2005) (emphasis added). In *Jones*, however, we did not foreclose the argument now made by Burk "that the sentence ultimately imposed after any departure is taken into account was unreasonable." *Id.* at 551 n.3. Post-*Jones*, we have made clear that the appropriate

3

guideline range, including departures, must still be considered as part of a reasonableness review of the § 3553(a) factors in their totality. *See United States v. McBride*, 434 F.3d 470, 476-77 (6th Cir. 2006); *accord United States v. Carroll*, 189 F. App'x 450, 456 (6th Cir. 2006).

Burk argues that the sentence imposed was greater than necessary in light of his status as a methamphetamine addict who "did not have the strength to avoid the drug," his immediate cooperation and acceptance of responsibility, the amount of information he provided to the government, and his "strong and stable family life." As outlined above, the district court discussed virtually all of the § 3553(a) factors. Specifically pertaining to the arguments now raised by Burk, the court expressly considered Burk's drug addiction in recommending a treatment program, his family support (as the only stated reason for sentencing at the low end of the guideline range), and his cooperation (by granting a three-level departure). Although Burk is displeased with the amount of departure, that is an issue within the discretion of the sentencing judge. *See Jones*, 417 F.3d at 550-51; U.S.S.G. § 5K1.1(a).

Lastly, Burk's argument that the district court considered an inappropriate 5K1.1 factor - the cumulative nature of his cooperation - is without merit as the list of 5K1.1 factors is nonexclusive and includes "the court's evaluation of the significance and usefulness of the defendant's assistance . . . ." U.S.S.G. § 5K1.1(a)(1). The district court

4

articulated its consideration of the 5K1.1 factors, including timeliness, usefulness, truthfulness, and the government's evaluation, in *granting*, within its discretion, the departure that it deemed appropriate.

Burk has failed to demonstrate that the district court selected his sentence arbitrarily, based his sentence on impermissible factors, failed to consider any pertinent § 3553(a) factor, or gave an unreasonable amount of weight to any pertinent consideration. "The fact that the district court did not give the defendant the exact sentence he sought is not a cognizable basis to appeal, particularly where the district court followed the mandate of section 3553(a) in all relevant respects." *United States v. Jackson*, 466 F.3d 537, 540 (6th Cir. 2006). We therefore AFFIRM.