**File Name: 07a0601n.06**
**Filed: August 21, 2007**

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

**No. 06-3676**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| **Plaintiff-Appellee,** | ) **ON APPEAL** FROM THE UNITED |
| | ) STATES DISTRICT COURT FOR THE |
| v. | ) SOUTHERN DISTRICT OF OHIO, |
| | ) WESTERN DIVISION |
| GEORGE TOSCANA, | ) |
| | ) |
| **Defendant-Appellant.** | ) **O P I N I O N** |
| | ) |

Before: KENNEDY and COOK, Circuit Judges; and ALDRICH, District Judge.[*]

**ANN ALDRICH, District Judge.** Defendant-appellant George Osvaldo Toscana ("Toscana") appeals the 40-month sentence handed down by the district court pursuant to his guilty plea on the grounds that the sentence is not "reasonable" under *United States v. Booker*, 543 U.S. 220 (2005), because the district court failed to properly take into account Toscana's cooperation with authorities and his family situation, failed to properly take into account his criminal history, and failed to credit Toscana because of his alleged "minor role" in the offense. Because the sentence imposed by the district court is reasonable and the district court satisfied the requirements of 18

---

[*] The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

U.S.C. § 3553, the sentence is affirmed.

In October 2002, Toscana and three other individuals were arrested for transporting cocaine from California to Ohio. Two of the individuals were driving one vehicle, which contained the cocaine; Toscana and Obed Moreno ("Moreno") were following in another vehicle. After Ohio police officers stopped the first vehicle for a traffic violation and found cocaine following a search, Toscana and Moreno were arrested when police called them to arrange for a controlled delivery. At his change of plea hearing on May 14, 2004, Toscana admitted to planning the crime with Moreno, approaching the driver of the first car with Moreno, and recruiting the passenger in the first car on his own. As part of his plea agreement, Toscana was to assist law enforcement in investigating the individual who had supplied the cocaine he and the others had been transporting. In exchange, plaintiff-appellee the United States of America (the "Government"), agreed to file a motion for a downward departure at sentencing if Toscana provided substantial assistance. Prior to sentencing, a presentence investigation report ("PSR") was prepared, which listed five convictions on Toscana's criminal record, mostly for driving while on a suspended license, along with a number of other arrests. The PSR also noted that Toscana had committed the instant offense while on probation for one of his previous convictions, and within two years of release from a term of imprisonment on one of his previous convictions. Based on the applicable sentencing guidelines, Toscana had a criminal history category of IV.

Toscana was sentenced on March 10, 2006, to a term of 40 months imprisonment on the charge of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841, 846. In accordance with the plea agreement, the Government did file a motion for a downward departure based on the assistance rendered by Toscana, which the district court granted. The district

court credited Toscana for his assistance, though it noted that Toscana was not completely cooperative. The district court also noted Toscana's large family, including his five children, in discussing whether Toscana was likely to commit other crimes in the future. The district court also departed downward with respect to Toscana's criminal history, finding that a criminal history category of IV overstated Toscana's criminal record, but that the criminal history category of I sought by Toscana could not be supported by the facts, settling on a criminal history category of II. The district court also rejected Toscana's request for a reduction based on his alleged "minor role", because Toscana had admitted that he helped to plan the operation with Moreno and had recruited the passenger in the first car. The driver of the first car and Moreno received sentences of 18 and 27 months, respectively. Toscana's sentence of 40 months, though 6 months below his guideline range of 46 to 57 months based on a final offense level of 22 and a criminal history category of II, exceeded the sentences of his co-defendants. Toscana did not make any objections after the district court imposed the 40 month sentence. Toscana then filed the instant appeal on May 11, 2006, challenging his sentence as unreasonable.

Toscana argues that his sentence is unreasonable because the district court failed to properly consider his assistance to the Government, his large family, and his criminal history, and failed to credit him for his "minor role" in the crime. The applicable standard of review is whether the sentence imposed by a district court was reasonable. *United States v. Richardson*, 437 F.3d 550, 553 (6th Cir. 2006). Although Toscana did not raise any specific objections below, the Government concedes that the colloquy at sentencing was insufficient for Toscana to have waived any objections to his sentence by failing to raise them, so that the standard of review here is for reasonableness, not plain error. *United States v. Clark*, 469 F.3d 568, 569-71 (6th Cir. 2006) (citation omitted).

Reasonableness review has "both substantive and procedural components." *United States v. Jones*, 445 F.3d 865, 869 (6th Cir.2006). A sentence may be procedurally unreasonable if "the district judge fails to 'consider' the applicable Guidelines range or neglects to 'consider' the other factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the judge deems an appropriate sentence without such required consideration." *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005); *see also United States v. McBride*, 434 F.3d 470, 476 n. 3 (6th Cir. 2006). A sentence may be substantively unreasonable where the district court "select[s] the sentence arbitrarily, bas[es] the sentence on impermissible factors, fail[s] to consider pertinent § 3553(a) factors, or giv[es] an unreasonable amount of weight to any pertinent factor." *Webb*, 403 F.3d at 385.

Although sentences within the guidelines range are afforded a presumption of reasonableness, sentences falling outside the guidelines range are neither presumptively reasonable nor presumptively unreasonable. *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006); *United States v. Foreman*, 436 F.3d 638, 644 (6th Cir. 2006). Regardless of whether the sentence imposed is inside or outside the guidelines range, the district court "must articulate the reasons for the particular sentence imposed in order to enable this [c]ourt to engage in a meaningful reasonableness review of the sentence." *Jones*, 445 F.3d at 869. These reasons include an acknowledgment on the record of the defendant's arguments for a lower sentence and an explanation of the court's reasons for rejecting those arguments. *See Richardson*, 437 F.3d at 554. The district court's overall task remains that of imposing "'a sentence sufficient, but not greater than necessary, to comply with the purposes' of section 3553(a)(2)." *Foreman*, 436 F.3d at 644 n.1 (quoting 18 U.S.C. § 3553(a)).

Toscana argues that three issues in this case demonstrate that his sentence is unreasonable. First, he argues that the district court failed to properly take into account the totality of his

4

circumstances – specifically his cooperation with authorities and his family situation – as required by 18 U.S.C. § 3553(a)(4) and (b)(1). However, Toscana's sentence is procedurally reasonable because the district court did, in fact, take into account both of those facts in arriving at Toscana's sentence. *United States v. Cage*, 458 F.3d 537, 543-44 (6th Cir. 2006); *McBride*, 434 F.3d at 477-78 (holding that if the sentencing court discusses an issue, then explains its sentencing rationale, the mandate of 18 U.S.C. § 3553 is satisfied, even if the issue's specific impact on the sentence is not explained). Moreover, because Toscana appears to challenge only the extent of the court's downward departure, his claim is not cognizable on appeal. *United States v. Jones*, 417 F.3d 547, 551 (6th Cir. 2005) (citations omitted). The district court gave Toscana full credit for his assistance. Toscana has provided no basis for credit beyond that given by the district court.

Second, Toscana argues that the district court, in finding that criminal history category II should apply to him, still overstated his criminal background and thus failed to properly account for his criminal history as required by 18 U.S.C. § 3553(a)(1) and (a)(4). Because Toscana's initial criminal history category would have been IV, Toscana is effectively challenging the degree of the district court's downward departure. Like Toscana's challenge to the degree of the downward departure for his cooperation, this claim is not cognizable on appeal. *United States v. Ridge*, 329 F.3d 535, 544-45 (6th Cir. 2003) (citations omitted). More importantly, there is no error in the district court's decision to depart downward to criminal history category II, as Toscana's criminal record does not justify a departure to category I, as sought by Toscana.

Finally, Toscana challenges the district court's denial of credit because of Toscana's alleged "minor role" in the offense as required by 18 U.S.C. § 3553(a)(1) and (a)(4). We review the district court's finding in this respect for clear error. *United States v. Stone*, 432 F.3d 651, 655 (6th Cir.

2005) (citation omitted). The district court considered this argument at sentencing, and rejected it. Based on the facts Toscana admitted at his change of plea hearing, there is no error – much less clear error – in the district court's refusal to find that Toscana played a "minor role" in the crime. Toscana planned the enterprise with Moreno and recruited the first car's passenger on his own; his role cannot be found to have been "minor".

Because the district court discussed and considered each of the issues raised by Toscana in this appeal, his sentence was procedurally reasonable. Because the district court clearly explained why it imposed the sentence it did, did not rely on any impermissible factors or give unreasonable weight to any permissible factors, and departed 6 months below the applicable guideline range, Toscana's sentence is also substantively reasonable.

For the foregoing reasons, the sentence imposed by the district court is affirmed.