**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0910n.06

**No. 12-5560**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | Oct 23, 2013 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| RODREGUS RAMSEY, | ) | MIDDLE DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

**Before:  MOORE and GRIFFIN, Circuit Judges; and SARGUS, District Judge.**[*]

**SARGUS, District Judge.**  Rodregus Ramsey ("Appellant") appeals his sentence for conspiracy to posses with intent to distribute methylenedioxymethamphetamine ("MDMA") and marijuana, in violation of 21 U.S.C. § 846.  Ramsey pleaded guilty to the superseding indictment and was sentenced to a term of 110 months of imprisonment.  Ramsey contends that the sentence imposed was substantively unreasonable.  For the reasons that follow, we affirm the sentence.

**I.**

Ramsey was intercepted via a court ordered wiretap on a number of phone calls made by the targets of a large scale drug investigation.  Ramsey's involvement included the distribution of 100 MDMA pills and a small amount of marijuana.

---

[*]The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

Without objection, the presentence report included a determination of an offense level 16, based upon the quantity of MDMA pills. Ramsey also was eligible for a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1, which would otherwise yield a total offense level of 13. Unfortunately for Ramsey, two prior convictions rendered him a Career Offender under U.S.S.G. § 4B1.1.[1] In 1995, appellant was convicted of aggravated assault. Two years later, he again was convicted of a similar crime of violence.

U.S.S.G. § 4B1.1 provides that, if the offense of conviction carries a possible sentence of twenty years or more, the new offense level is 32. Consequently, Ramsey's base offense rose from 13 to 32. The Career Offender guideline also imposes the highest criminal history category of VI. In Ramsey's case, given his extensive criminal history, the points assessed for his earlier convictions resulted in the same criminal history category. Based on a total offense level of 29 and a criminal history category of VI,[2] without objection, the sentencing guideline range was 151 to 188 months.

Prior to sentencing, the government filed a motion under U.S.S.G. § 5K1.1 requesting a downward departure of three levels based upon Ramsey's substantial assistance. Although Ramsey's counsel asked for a greater degree of departure, the district court granted the motion and reduced the offense level to 26, a three-level departure.

---

[1]This guideline provides for a significant increase in both the offense level and criminal history, if the offender has two prior convictions for crimes of violence.

[2]Ramsey still received a three-level reduction for acceptance of responsibility under § 3E1.1, for a total offense level of 29.

2

Ramsey's counsel did not dispute the mechanical application of the Career Offender guideline. He did contend, however, that the two offenses triggering the guideline occurred many years ago, in 1995 and 1997. The earlier conviction involved conduct that occurred while Ramsey was only seventeen. While Ramsey's criminal history category would have otherwise been a VI without the Career Offender guideline, six of his fifteen criminal history points were assessed for three convictions of driving with a suspended license. Ramsey contended that a criminal history category of VI overstated his criminal past. The district court agreed in part and reduced the criminal history category to V, resulting in a final guideline range of 110 to 137 months.

Ramsey maintained that the sentencing guideline range was unreasonable. Without application of the Career Offender guideline, the range, based upon a total offense level of 13 and a criminal history category of VI, would have been 33 to 41 months. Instead, two convictions for crimes of violence both occurring more than fifteen years ago elevated the guideline range to 151 to 188 months, without consideration of the motion under U.S.S.C. § 5K1.1. Ramsey sought a variance from the sentencing guideline range and requested a sentence of 41 months.

The district court considered each argument presented. While recognizing that the convictions triggering the Career Offender guidelines were old, the judge also noted that Ramsey's criminal conduct had not ended after his youth. In 2008, he was convicted of selling cocaine within a thousand feet of a school. As to the points assessed for driving without a license, the district court agreed that these two convictions, taken in isolation, caused Ramsey's actual criminal past to be

3

somewhat overstated. The district judge also noted, however, that Ramsey had on numerous occasions violated the terms of supervision imposed on both of these convictions.

The district court imposed a sentence of 110 months of imprisonment, which was the lowest number of months within the sentencing guideline range.

## II.

Ramsey raises a single assignment of error, albeit in two disparate parts. He contends that the sentence of 110 months was substantively unreasonable. Relatedly, he also asserts that, given his substantial assistance to the government, the sentence imposed was unreasonable.

We review the sentence imposed for both procedural and substantive reasonableness.[3] A sentence within the sentencing guidelines range is presumptively reasonable. *Gall v. United States*, 552 U.S. 38, 51 (2007). "'A sentence is substantively unreasonable if the sentencing court arbitrarily selected the sentence, based the sentence upon impermissible factors, failed to consider § 3553(a) factors, or gave an unreasonable amount of weight to any pertinent factor.'" *United States v. Mitchell*, 681 F.3d 867, 880 (6th Cir. 2012) (*quoting United States v. Cunningham*, 669 F.3d 723, 733 (6th Cir. 2012)).

To the extent Ramsey challenges the degree of departure selected under U.S.S.G. § 5K1.1, we lack jurisdiction to review a contention that, after granting the government's motion for a downward departure based upon a defendant's substantial assistance, the sentencing court should

---

[3]Ramsey does not challenge the procedural reasonableness of the sentence imposed.

have selected a more significant reduction. *United States v. Curry*, 536 F.3d 571, 573 (6th Cir. 2008); *United States v. Jones,* 417 F.3d 547, 551 (6th Cir. 2005).

**III.**

Ramsey contends that the sentence imposed was substantively unreasonable and far greater than necessary to comply with the § 3553(a) factors. Ramsey's argument focuses upon (1) the operation of the Career Offender guideline and (2) the degree of his cooperation with the government.

Ramsey first notes the relatively small amount of drugs which constitute his relevant conduct. The presentence report, without objection, computed his conduct to involve 100 pills of MDMA, yielding an offense level 16, reduced by three levels for acceptance of responsibility, to an adjusted offense level of 13.

Before consideration of the Career Offender guidelines, the presentence report determined that Ramsey had fifteen criminal history points, which on this basis alone placed him in the highest criminal history category of VI. His prior convictions included two aggravated assaults (during one of which he shot at police officers), three occasions of driving without a license, and one sale of cocaine within 1,000 feet of a school. The aggravated assaults occurred in 1993 and 1996. The driving without a license offenses occurred between 2005 and 2007. With regard to these offenses, Ramsey had his probation revoked several times for failing to appear for drug testing, testing positive for marijuana, and failure to pay fines and costs. The last offense, sale of cocaine near a school, occurred in 2008.

The two relatively old offenses of aggravated assault triggered the application of the Career Offender guidelines under U.S.S.G. § 4B1.1. Both offenses are classified as crimes of violence, which the parties do not dispute. The guideline expressly provides that a qualified defendant (1) be placed in a criminal history category of VI, where Ramsey had already been placed; and (2) have an offense level of 32, where, as in this case, the instant offense carried a maximum sentence of at least twenty years. *See* U.S. Sentencing Guidelines Manual § 4B1.1(b).

There is no question that the application of the Career Offender guideline dramatically increased the sentencing guideline range in this case. Without consideration of the Career Offender guidelines, the range would have been 33 to 41 months, based upon an adjusted offense level of 13 and a criminal history category of VI. With application of the Career Offender guideline, the adjusted offense level became 29, with the same criminal history category of VI, yielding a range of 151-188 months, thereafter reduced via § 5K1.1 to 120-150 months.

The district court addressed each of the issues raised in this appeal. The sentencing judge considered the fact that two prior convictions which triggered the Career Offender guideline were old. The judge also noted that a number of juvenile convictions scored no points. He observed that the defendant had not turned a new leaf following the older convictions, but had been recently convicted of selling cocaine near a school.

The district court also concluded that the criminal history points scored for the three prior convictions for driving without a license caused Ramsey's overall criminal history to be overstated. Consequently, the sentencing judge departed one level to a criminal history category of V. With

the same departure of three levels under U.S.S.G. § 5K1.1, the final guideline range was 110 to 137 months.

The sentencing judge discussed in detail the operation of the Career Offender guideline. The district court reviewed with counsel prior to sentencing the precise increase in the ultimate sentencing guideline range caused by the Career Offender guideline. Ultimately, the district court determined that, while the triggering prior convictions were old, the appellant did not reform, the earlier offenses were very serious, and Ramsey had been recently convicted of another drug trafficking offense. We cannot say that the district court's decision was unreasonable.

Likewise, we find no merit in Ramsey's argument that the sentencing court should have granted a greater departure under § 5K1.1. The district judge considered the recommendation made by the government and also addressed defense counsel's request for a larger reduction in sentencing. The three level reduction was substantial. The government represented to the court that Ramsey was helpful, but had little information to offer.

Case law from this Circuit is clear that we have no jurisdiction to review the degree of departure selected by the district judge in response to a § 5K1.1 motion. *See Curry*, 536 F.3d at 573; *Jones*, 417 F.3d at 551. Arguably, the level of a defendant's assistance is a potential factor in the analysis under § 3553(a), particularly, as in this case, where the government has already filed a § 5K1.1 motion. *United States v. Gapinski*, 561 F.3d 467, 475 n.3 (6th Cir. 2009).

While appellant's counsel argued for a greater departure, he conceded that the utility of the information given by Ramsey was beyond his control and that the level of reduction selected was

7

12-5560
*United States of America v. Rodregus Ramsey*

a judgment call.  We find no error in the decision of the sentencing judge to depart three levels under

§ 5K1.1.

## IV.

Based upon the foregoing, we **AFFIRM** the judgment and sentence of the district court.