NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0670n.06

No. 08-3849

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
**Oct 02, 2009**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| VICTOR DELGADILLO PARRA, | ) | THE SOUTHERN DISTRICT OF |
| | ) | OHIO |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

Before: MARTIN, COLE, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Victor Delgadillo Parra appeals his sentence following his guilty plea to two drug-conspiracy charges. He argues that the district court erred in denying his request for an offense-level reduction, and that his sentence is substantively unreasonable. We reject his arguments, and affirm.

I.

Parra pled guilty in 2008 to conspiracy to possess with intent to distribute over one kilogram of heroin, and conspiracy to distribute heroin resulting in serious bodily injury or death (the "resulting-in-death count"), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(i), (b)(1)(C), and 846. The convictions arose from Parra's role in a large heroin-trafficking conspiracy that resulted in the death of a young man to whom Parra sold the drug.

Parra's convictions carried mandatory-minimum sentences of 10 and 20 years' imprisonment, respectively. Prior to sentencing, however, the government filed a motion under Sentencing Guidelines § 5K1.1 for a downward departure from the 20-year term because Parra provided "substantial assistance" in the investigation of his co-conspirators. The district court granted that motion at sentencing, and reduced Parra's offense level by one point. That reduction yielded a new Guidelines range of 151 to 188 months' imprisonment for the resulting-in-death count. The district court denied Parra's request for a further reduction based on his "minor" or "minimal" role in the conspiracy, pursuant to Guidelines § 3B1.2. The court then sentenced Parra to 200 months' imprisonment on the resulting-in-death count, to run concurrently with the mandatory 120-month sentence on the other count.

This appeal followed.

I.

Parra first challenges the district court's denial of a mitigating-role adjustment. He claims he "acted solely as a runner or 'mule' in the alleged drug conspiracy" and was therefore entitled to an offense-level reduction under U.S.S.G. § 3B1.2. Parra's Br. at 11. We review the district court's denial for clear error. *United States v. Salgado*, 250 F.3d 438, 458 (6th Cir. 2001).

The Guidelines provide for "a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant." U.S.S.G. § 3B1.2 cmt. n.3(A). Section 3B1.2 permits a district court to decrease a defendant's offense level by four levels if he was a "minimal participant" in the criminal activity. A minimal participant is one who is "plainly among the least culpable of those involved in the conduct of a

group." *Id.* cmt. n.4. Section 3B1.2 also provides a two-level reduction for "minor participants," who are "less culpable than most other participants but whose role could not be described as minimal." *Id.* cmt. n.5. A district court may grant a three-level reduction for defendants falling between minor and minimal participants. A defendant bears the burden of proving by a preponderance of the evidence that he is entitled to a mitigating-role reduction. *Salgado*, 250 F.3d at 458.

Parra did not meet his burden here. The district court found that Parra was not a "leader or organizer" in the conspiracy, but that "he played a significant part" in it. The court noted that Parra "would deliver the heroin, pick up the money and return it to the house where the [conspiracy] activities were being conducted." Parra was arrested at that house, and agents discovered 1.3 kilograms of heroin there. The court also found that Parra "personally sold heroin to [a user], who then died as a result." The court concluded that Parra played "an integral role" in the conspiracy and that, without his activities, "this crime is not complete." These findings, whose accuracy Parra does not contest, amply supported the district court's denial of his motion.

Parra also challenges the extent of the district court's downward departure under Guidelines § 5K1.1. He argues that the district court "gave undue weight . . . to the differences in the amount of assistance provided to the government by [Parra] and one of the other co-conspirators[.]" Parra's Br. at 17. He contends that, because he and his co-defendant both provided substantial assistance to the government, both should have received the same 180-month sentence. *Id.* at 16.

"[A] district court has complete discretion regarding whether to grant a downward departure for substantial assistance and how much of a departure to grant." *United States v. Jones*, 417 F.3d

547, 550 (6th Cir. 2005). We therefore do not review challenges—like Parra's here—to the extent of a downward departure. *Id.*

We review instead only the substantive reasonableness of the sentence. *See United States v. McBride*, 434 F.3d 470, 477 (6th Cir. 2006). Parra argues his sentence was unreasonable because the district court "gave undue weight to the death of one of the users of the illegal contraband." Parra's Br. at 15. But the record demonstrates otherwise. The district court considered the user's death in imposing the sentence—the court noted Parra's conduct leading to the death was "really serious, reckless conduct, that had . . . very foreseeable consequences"—but nothing in the record indicates the court gave undue weight to that factor. The court instead considered each of the sentencing factors in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense, Parra's post-departure advisory Guidelines range of 151 to 188 months' imprisonment, and mitigating factors such as Parra's lack of a criminal record and his difficult upbringing. In weighing all of those factors, the court determined that a 200-month sentence was appropriate. Nothing in the record suggests that sentence was unreasonable, and the district court did not abuse its discretion in imposing it.

The judgment of the district court is affirmed.