**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4396**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JUAN MENDOZA, a/k/a Roberto Landin Uriosti, a/k/a Papa,
a/k/a Ruben,

        Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Columbia.  Cameron McGowan Currie, District
Judge. (3:08-cr-00590-CMC-1)

Submitted:  June 24, 2010        Decided:  July 16, 2010

Before NIEMEYER, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis H. Lang, CALLISON, TIGHE & ROBINSON, LLC, Columbia, South
Carolina, for Appellant.  James Chris Leventis, Jr., OFFICE OF
THE UNITED STATES ATTORNEY, Columbia, South Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juan Mendoza appeals his 360 month sentence imposed following his guilty plea to conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine, fifty grams or more of cocaine base and a quantity of marijuana, in violation of 21 U.S.C. §§ 841, 846 (2006) (Count 1), and operation of an illegal money transporting business, in violation of 18 U.S.C. § 1960 (2006) (Count 49). Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether the district court erred in overruling Mendoza's objections to the application of a two offense level enhancement for possession of a dangerous weapon and the drug quantity attributed to him in the presentence report, as well as whether Mendoza's sentence was substantively reasonable, but concluding there are no meritorious grounds for appeal. The Government has not filed a brief and Mendoza has not filed a pro se supplemental brief. We affirm.

"Regardless of whether the sentence imposed is inside or outside the [g]uidelines range, the appellate court must review the sentence under an abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 51 (2007). Appellate courts are charged with reviewing sentences for both procedural and substantive reasonableness. Id.

2

In determining procedural reasonableness, we first assess whether the district court properly calculated the defendant's advisory guidelines range. <u>Gall</u>, 552 U.S. at 49-50. We then determine whether the district court failed to consider the 18 U.S.C. § 3553(a) (2006) factors and any arguments presented by the parties, treated the guidelines as mandatory, selected a sentence based on "clearly erroneous facts," or failed to sufficiently explain the selected sentence. <u>Id.</u> at 51; <u>United States v. Pauley</u>, 511 F.3d 468, 473 (4th Cir. 2007). Finally, this court reviews the substantive reasonableness of the sentence, "taking into account the 'totality of the circumstances, including the extent of any variance from the [g]uidelines range.'" <u>Pauley</u>, 511 F.3d at 473 (quoting <u>Gall</u>, 552 U.S. at 51).

We afford sentences that fall within the properly calculated guidelines range a presumption of reasonableness. <u>E.g.</u>, <u>United States v. Go</u>, 517 F.3d 216, 218 (4th Cir. 2008). Such a presumption can be rebutted only by showing "that the sentence is unreasonable when measured against the § 3553(a) factors." <u>United States v. Montes-Pineda</u>, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks and citation omitted).

The first two issues raised in the <u>Anders</u> brief challenge the procedural reasonableness of Mendoza's sentence. First, Mendoza's counsel contends that the district court erred

in overruling Mendoza's objection to the application of a two level enhancement for possession of a dangerous weapon. Under USSG § 2D1.1(b)(1), a defendant's offense level is increased by two levels if the defendant possessed a dangerous weapon during the offense. The commentary to USSG § 2D1.1 prescribes that the enhancement "should be applied if the weapon was present, unless it is clearly improbably that the weapon was connected with the offense." USSG § 2D1.1 (cmt. n.3). After reviewing the record, we find that the district court did not abuse its discretion in overruling Mendoza's objection and applying a two level enhancement for possession of a dangerous weapon. Additionally, the district court's finding that Mendoza was responsible for fifty to 150 kilograms of cocaine is amply supported.

Finally, Mendoza's attorney challenges the substantive reasonableness of the district court's 360 month sentence, in light of the fact that Mendoza had no prior criminal record, pled guilty, and was forty-seven years of age and suffering from both cancer and diabetes. However, after reviewing the record, we find that the district court's sentence was substantively reasonable.

Pursuant to Anders, we have reviewed the remainder of the record and found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform his client, in writing, of

4

his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED