NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2800
_____

UNITED STATES OF AMERICA

v.

DANIEL M. SULLIVAN,

Appellant.

_____

On Appeal from the District Court
for the Middle District Of Pennsylvania
(D.C. Cr. No. 08-CR-280)
District Judge: Hon. James F. McClure, Jr.

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
On January 24, 2011

Before: FUENTES and CHAGARES, Circuit Judges, and POLLAK,[1] District Judge.

(Opinion Filed: February 17, 2011)

_____

OPINION OF THE COURT

_____

---

[1] Honorable Louis H. Pollak, Judge of the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

FUENTES, Circuit Judge:

Appellant Daniel M. Sullivan appeals from the District Court's sentence of 180 months' imprisonment for distribution of child pornography under 18 U.S.C. § 2252A(a)(2)(B). For the reasons that follow, we will affirm.

**I.**

Because we write for the parties, we discuss the facts only to the extent necessary for resolution of the issues raised on appeal. During a two week period in 2008, Sullivan participated in 15 internet chat sessions with FBI Agent James Kyle, who was posing as a 13-year-old boy. During that time, Sullivan forwarded 137 images of child pornography to Agent Kyle. On July 17, 2008, Sullivan was arrested at his residence, search warrants were executed, and Sullivan's computer was seized. An analysis of the computer's hard drive revealed 292 images of child pornography, including the 137 images that were forwarded to Agent Kyle. Among those images that had not been forwarded to Agent Kyle were three images determined to contain sadistic or masochistic conduct involving children. Sullivan was charged with one count of Distributing Child Pornography under 18 U.S.C. § 2252A(a)(2)(B) to which he pled guilty on December 29, 2009.

The presentence report explains that Agent Kyle, while posing as a 13-year-old boy, was chatting with another individual named Valentine, himself a collector of child pornography. When the discussion reached the topic of the fictitious 13-year-old having sex with an adult, Valentine provided Agent Kyle with Sullivan's internet address. The internet chat sessions between Agent Kyle and Sullivan then began.

2

The presentence report also referenced two prior convictions Sullivan had received for inappropriate contact with minor children. In 1985, Sullivan received a one- to three-year sentence for sexual assault arising from police officers' discovery of Sullivan in a car with two partially clothed children, ages five and six. The children told police that Sullivan had attempted to engage in sexual intercourse with the five-year-old girl while the six-year-old boy watched for approaching automobiles. In 2001, Sullivan was sentenced to a nine-month term of imprisonment and two years of probation for three counts of exposing himself to children under the age of 12. On November 17, 2003, it was determined that while on probation, Sullivan had stood in the doorway of his residence while naked and made noises at children so they would turn and look in his direction before raising his leg to expose his genitals. His probation was revoked and he was sentenced to seven months' imprisonment.

The presentence report indicated that Sullivan's criminal history category was II and that his offense level was 35. This placed his guideline sentencing range at 188 to 235 months. Sullivan objected to the presentence report on four grounds. First, he disputed its finding that he was subject to a 15-year statutory mandatory minimum sentence under 18 U.S.C. § 2252A(b)(1) due to his prior convictions. Sullivan also argued for a downward departure under U.S.S.G. § 5H1.4, due to a number of health issues. Further, Sullivan argued that because he was charged only with distribution rather than possession of child pornography, the presentence report erred in applying a 3-level enhancement under U.S.S.G. § 2G2.2(b)(7)(B) for the 292 images he possessed, as opposed to the 137 images he distributed. Sullivan also contended that the presentence

report erred in applying a 4-level enhancement under U.S.S.G. § 2G2.2(b)(4) for the three images of sadistic or masochistic conduct, given that those images were never distributed to Agent Kelly.

At sentencing, the District Court agreed with Sullivan that the 15-year mandatory minimum sentence did not apply. However, the Court rejected Sullivan's arguments as to the enhancements under U.S.S.G. §§ 2G2.2(b)(4) & (b)(7)(B), concluding that his possession of the full 292 images and 3 images of sadistic or masochistic conduct constituted relevant conduct under U.S.S.G. § 1B1.3. Finally, although the District Court declined to depart under U.S.S.G. § 5H1.4, it expressly factored-in Sullivan's poor health in imposing a non-guideline sentence of 180 months under 18 U.S.C. § 3553(a), which was 8 months below the advisory guidelines' sentencing range.

On appeal, Sullivan challenges the District Court's determination that his possession of the full 292 images and 3 images of sadistic or masochistic conduct were relevant conduct for purposes of sentencing. He also challenges the District Court's refusal to grant a departure for health reasons under U.S.S.G. § 5H1.4. Finally, Sullivan contends that the sentence of 180 months was substantively unreasonable.

## II.

## A.

The District Court had subject matter jurisdiction over this criminal matter under 18 U.S.C. § 3231. This Court exercises jurisdiction over Sullivan's appeal under 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

Our review of whether a district court abused its discretion in imposing a sentence upon a criminal defendant is twofold. We first consider whether the sentencing court committed any procedural errors "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range." United States v. Tomko, 562 F.3d 558, 567 (3d Cir. 2009) (en banc) (quoting Gall v. United States, 552 U.S. 38, 51 (2007)). If the district court committed no procedural error, we consider the sentence's substantive reasonableness. A sentence is substantively unreasonable only if "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." Id. at 568.

**B.**

Sullivan argues that because he pled guilty to only distributing child pornography, rather than possessing it, his "relevant conduct" for purposes of § 1B1.3 of the Guidelines includes only those images he distributed to Agent Kyle. "Relevant conduct" is defined by the Guidelines as "all acts and omissions committed . . . that occurred during the commission of the offense of conviction, [or] in preparation for that offense . . ." or "that were part of the same course of conduct or common scheme or plan as the offense of conviction." §1B1.3(a). Whether conduct is part of the "same course of conduct" depends on "whether offenses are sufficiently connected or related to each other" as determined by such factors as the "degree of similarity of the offenses, the regularity

5

(repetitions) of the offenses, and the time interval between the offenses." § 1B1.3 cmt. n. 9(B). "Importantly, the test is a sliding scale, so even if one factor is absent, relevant conduct may be found where at least one other factor is strong." United States v. Kulick, --- F.3d ---, 2010 WL 5365491, at *5, (3d Cir. 2010) (quoting United States v. Wilson, 106 F.3d 1140, 1143 (3d Cir. 1997)).

As to the temporal factor, "[a]s a general principle, various courts have found that a period of separation of over one year negated or weighed against a finding of temporal proximity." Id. at *6 (internal quotations omitted). Here, it is possible, albeit unlikely, that Sullivan obtained some of the 155 images that he did not distribute during the very brief period after his internet chats with Agent Kyle but before his arrest. However, any images that were obtained during that period were clearly possessed well within one year of Sullivan's crime of distribution, thus easily satisfying the temporal factor.

In evaluating the similarity factor, "a court primarily should consider the degree of similarity between the offenses, but can also look to the commonality of the victims, the commonality of offenders, the commonality of purpose, and the similarity of modus operandi." Id. Here, Sullivan's possession of child pornography was quite similar to his distribution of it. The former entailed the possession of 292 images, including the 3 images with sadistic or masochistic conduct, and the latter the further step of distributing 137 of those same 292 images on Sullivan's hard drive. There was a single common offender and a similar modus operandi in Sullivan's use of his computer to obtain, possess, and then distribute the images. Further, the only reasonable inference to draw was that there was a commonality of purpose in Sullivan's prurient interest in both

6

possessing and distributing to someone he believed to be a 13-year-old boy, those same images. The similarity factor is also established.

As to the regularity factor, "which considers the number of repetitions of the offenses," id. at *8, Sullivan obviously engaged in repeated instances of possessing and distributing the images, further indicating a common course of conduct in his dealings with child pornography. While the presence of regularity is not as strong for Sullivan's possession of sadistic or masochistic images, even three instances of possession constitutes some amount of repetition.

Accordingly, because all three factors have been established, the District Court did not commit procedural error in concluding that the full 292 images were relevant conduct under § 1B1.3. Further, while there was not as much repetition with regard to the sadistic or masochistic images, given the strength of the other two factors, we conclude that those images are relevant to his charged offense as well. See Kulick, --- F.3d ---, 2010 WL 5365491 at *5 ("Importantly, the test is a sliding scale, so even if one factor is absent, relevant conduct may be found where at least one other factor is strong.").

## C.

Sullivan next argues that the District Court erred when it denied him a downward departure for his extraordinary physical impairment under U.S.S.G. § 5H1.4. Sullivan suffers from chronic obstructive pulmonary disease, emphysema, sleep apnea, and blindness in his right eye. The District Court expressly and carefully considered Sullivan's health, concluding that it was not so extraordinary as to warrant a downward departure, but finding it a sufficiently salient factor so as to vary from the Guidelines

range by eight months under 18 U.S.C. § 3553(a).  The District Court's careful analysis of Sullivan's health problems and their relevance to his sentence was neither procedural nor substantive error.

### D.

Finally, Sullivan argues that the 180-month sentence imposed by the District Court was unreasonable under 18 U.S.C. § 3553(a).  Here, after acknowledging all of the relevant factors for consideration, the District Court stated:

> The Court has also considered the history and characteristics of the defendant . . . [and] is necessarily aware of the circumstances of the offense, albeit 27 years ago, in New Hampshire, and of the subsequent ones in Maine, all of which reflect a continuing criminal conduct of a related nature by the defendant for a long period of time.
> There's nothing in the history or characteristics, really, of the defendant that are favorable to him with respect to the sentence.  They militate toward a more lengthy sentence.

(App. 52a.)

While it is true that Sullivan was not involved with the actual production of child pornography, we note that he has a 1985 conviction for sexually assaulting two children and in 2001 and 2003 he was found to have exposed himself to children on multiple occasions.  The presentence report also indicates that Agent Kelly was given Sullivan's internet address because he was someone who would be interested in sexual contact with a 13-year-old.

Accordingly, the District Court was not unreasonable in concluding from Sullivan's "continuing criminal conduct of a related nature," that a sentence within or near the guideline range was appropriate.  Sullivan's potential for actual improper contact

with children also easily distinguishes his case from the decision in United States v. Dorvee, 616 F.3d 174 (2d Cir. 2010), where the Second Circuit vacated a 240-month sentence for distribution of child pornography on the grounds of substantive unreasonableness. In Dorvee, the Court highlighted the fact that there was no evidence that the defendant had ever had or would likely have inappropriate contact with a minor. Id. at 183-84. In contrast, it is clear that Sullivan has previously harmed children and that it is possible he might do so again in the future.

## III.

For the foregoing reasons, we will affirm the District Court's judgment.