**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0038n.06

**No. 10-6182**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

FILED

*Jan 10, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | ON APPEAL FROM THE |
| Plantiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE MIDDLE |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Jason Eugene Mize, | ) | |
| | ) | **O P I N I O N** |
| Defendant-Appellant. | ) | |

BEFORE:     SURHEINRICH, GIBBONS, and McKEAGUE, Circuit Judges.

**McKeague, Circuit Judge.**  Defendant-Appellant Jason Mize appeals his sentence of 188 months' imprisonment, which was imposed after he pled guilty to conspiring to possess and distribute methamphetamine and to possessing equipment, chemicals, products, and materials which may be used to manufacture methamphetamine.  We affirm.

## I.  BACKGROUND

Mize is currently serving a twenty-five-year Tennessee state-court sentence that is set to expire on September 8, 2024.  However, that did not stop him from using a cell phone to orchestrate a methamphetamine cook with a group of co-conspirators from his prison cell. On June 11, 2010, Mize pled guilty to two counts: Count One, conspiracy to distribute and possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 846, and Count Two, possessing equipment, chemicals,

products, and materials which may be used to manufacture methamphetamine in violation of 21

U.S.C. § 843(a)(6). The United States Probation Office calculated Mize's advisory guidelines range

to be 188 to 235 months' imprisonment, based on a total offense level of 31 and Criminal History

Category of VI.

At his sentencing hearing, Mize argued for a downward departure based on a claim that his

criminal history was overstated because the eight armed robberies on his record all occurred within

a short period of time. The district court denied the motion for a downward departure, stating:

> I don't think that Mr. Mize's criminal history category overstates his criminal history.
> He's got a lengthy criminal history. It is serious. The Court acknowledges that some
> of it is compressed into a fairly short period of time, but the criminal history category
> certainly accurately reflects his history and his propensity to commit crimes as
> demonstrated by his desire to continue to commit crimes while incarcerated.

Mize based his argument for a downward variance on the following: (1) it would have been

impossible for the conspirators to manufacture methamphetamine because they lacked ephedrine,

although the conspirators thought they had it; (2) co-defendant David Sullivan was originally

considered for a lower sentence before he attempted to obstruct justice, so Mize argued that he should

have been considered for the original sentence that would have been available to Sullivan; and (3)

Mize's tragic childhood—in which he was abused, lived in state-run foster care, and lacked adult

guidance and a positive male role model—was a "recipe" for his offenses.

The court also addressed the requests for variance, discussing the various 18 U.S.C. §3553(a)

sentencing factors.

> The government has asked for a sentence of 188 months. The advisory
> guideline range is 188 to 235. And Mr. Mize is asking for a ten-year sentence. The
> Court's duty is to impose a sentence that's sufficient but not greater than necessary.

First I have to look at the nature and circumstances of the offense. Crimes of conviction are Count One, the lesser-included offense of conspiracy to distribute and possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, and Count Two, possession of equipment, chemicals, products and materials to manufacture methamphetamine. Those are serious drug crimes. What is really serious in this case is that Mr. Mize and his co-defendants had a conspiracy that was being operated from prison. There were cell phones in prison, which are incredibly dangerous. And the manipulation of free world citizens to commit crimes in the free world, that's really serious. And pointed that out in Mr. Sullivan's case as the reason for sentencing him at the top of the guideline range.

Mr. Cooper points out that ultimately the conspirators would never have been able to produce the methamphetamine because they didn't have the right ingredients, although they believed they had the right ingredients. And that other meth defendants have gotten lesser sentences. The short answer to that last item is it is qualitatively different to orchestrate this from prison with cell phones than simply being engaged as making methamphetamine while a meth addict.

History and characteristics of the defendant. Mr. Mize has had a rough life. His childhood got off to a bad start. His parents were not model parents. He compounded those difficulties by poor decision making, drug addiction, but it is fair to say Mr. Mize has had a very tragic life.

As indicated, he's had a serious criminal history. He is a true career offender. Been involved in gangs. Been involved in gangs that have certain racial issues that are hostile. He is already serving a very long state sentence. He is only 33 years old. In court here today, Mr. Mize has reflected, I think, sincere remorse. And he's articulate. He wanted to get a lawyer to get out of prison. In his words, his efforts to do that back fired. That's really a tragedy on behalf of our whole society that didn't have adequate legal representation and had to resort, in his view, to crime to try to get some. But that's all a component of the entire offense.

The seriousness of the offensive. Talked about that.

Respect for the law. At the time of the crime I think it is fair to say Mr. Mize and Mr. Sullivan both had no respect for the law. They wanted to commit crimes while incarcerated and did.

Just punishment. That really subsumes my prior comments.

Deterrence. The Court really needs to deter others from smuggling cell phones in the prison and committing crimes from prison. That's really volatile situation that can produce very dangerous activity and harm.

To protect the public. Mr. Mize needs a lengthy criminal sentence to protect the public, but keeping in mind that he's already serving a long state sentence.

Educational, vocational training, medical care, and correctional treatment. Mr. Mize would benefit from mental health treatment. He would benefit from drug abuse

treatment but particularly mental health treatment at this point because he's been far removed from the street and drug abuse.

Finally the court stated that, at first, it considered sentencing Mize to the top of the range, as it had for co-defendant Sullivan. The court was moved not to sentence at the top of the range because of Mize's tragic childhood, history of mental health and drug abuse issues, and the disparity between the recommended guidelines range for Mize and the range for his co-defendant, Sullivan. The court stated that Mize "did not get a good start on life." However, the court decided that "120 months sentence would not be sufficient" because, in the opinion of the court, the act of committing this crime from prison shows "a lack of respect for the law" and that "prison doesn't deter." Finally the court said "Mr. Mize, the bottom line is I think 188 month sentence is appropriate."

Mize was sentenced to 188 months' imprisonment as to Count One and 120 months as to Count Two, both counts to run concurrently. Mize's sentence was ordered to run consecutively to his state-court sentences. This appeal followed, contesting the substantive reasonableness of Mize's 188-month sentence.

In December 2010, after briefing on this appeal was complete, Mize discovered that he has Stage IV cirrhosis of the liver—a terminal medical condition. Mize asks that we consider his medical records with regard to this sentencing appeal.

## II. ANALYSIS

Mize contests the substantive reasonableness of his bottom-of-the-guidelines sentence. Under the advisory guidelines system, we review a sentence for substantive reasonableness under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). A sentence is substantively

unreasonable if the district court imposes the sentence "arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Griffin*, 530 F.3d 433, 439-40 (6th Cir. 2008) (internal markings omitted). A sentence that falls within the advisory Guidelines range "will be afforded a rebuttable presumption of reasonableness on appeal." *United States v. Haj-Hamed*, 549 F.3d 1020, 1025 (6th Cir. 2008). The "defendant bears the burden of rebutting this presumption." *United States v. Martinez*, 588 F.3d 301, 328 (6th Cir. 2009).

Mize contends that the district court gave too little weight to the mitigation factors presented during the sentencing hearing. But this claim is belied by the record. The district court expressly stated that, although the seriousness of the crimes at issue and the fact that Mize conducted them from prison had originally persuaded the court that a top-of-the-guidelines-range sentence was warranted, the court was moved to issue a bottom-of-the-guidelines-range sentence instead because of the mitigation factors presented. Thus, significant weight was given to those factors—persuading the court to reduce its sentence from 235 to 188 months.

Mize suggests that the district court gave too much weight to the fact that his crime was orchestrated from prison. Mize claims, citing *United States v. Olhovsky*, 562 F.3d 530 (3d Cir. 2009), that the court focused on that fact to the exclusion of mitigating evidence. Once again, Mize's argument is soundly contradicted by the record, which reveals that the district court reduced its intended sentence by 47 months because of the mitigating factors. It is true that the court repeated that the crime was orchestrated from prison several times. But that fact was relevant to several sentencing factors, such as seriousness, deterrence, and the need to protect the public. So, this

repetition is not a sign of undue consideration for that fact. *Compare United States v. Parra*, 347 F. App'x 202, 204 (6th Cir. 2009) (finding undue weight was not given to the nature of defendant's conduct where the court noted that the defendant's conduct was serious, reckless, and had "very foreseeable consequences," but the court "considered each of the sentencing factors"). Therefore, the district court did not abuse its discretion in considering the various factors.

Mize also claims that the district court "punished him for someone else's conduct" and gave the guidelines too much weight. As a preliminary matter, the court acknowledged repeatedly that it understood the guidelines are advisory, undermining the notion that it gave them undue weight. Mize points out that his sentence was the same as his co-defendant, Sullivan, who was given a two-level enhancement for obstructing justice—an enhancement that did not apply to Mize. But the fact is that Sullivan was sentenced at the top of his recommended guidelines range; conversely, Mize was sentenced at the bottom of the guidelines range recommended for him. If anything, the court was more lenient on Mize than Sullivan, and the court said why: it was persuaded to be more lenient because of the mitigating factors that Mize presented. For all of these reasons, Mize has not rebutted the presumption of reasonableness for his within-guidelines sentence.

Finally, we consider Mize's cirrhosis. The Pre-Sentence Report notes that Mize has had Hepatitis C for over a decade. It further states that he was treated for that condition while in the Tennessee Department of Corrections' Riverbend Maximum Security Institution in Nashville, Tennessee; but for some reason there is no record of treatment after he was transferred to the Grayson County, Kentucky Detention Center. Hepatitis C causes cirrhosis of the liver. *See* AMA CONCISE MEDICAL ENCYCLOPEDIA 172, 347 (2006). While the information that Mize could develop cirrhosis

was not before the district court at the time of sentencing, the court did know that he had Hepatitis C.

Mize asks that we remand his case for re-sentencing so the district court can consider his illness. During sentencing, it is common for district courts to consider the defendant's health as part of the defendant's history and characteristics. 18 U.S.C. § 3553(a)(1); *see also, e.g.*, *United States v. Bruce*, 437 F. App'x 357, 368 (6th Cir. 2011) (varying downward and ensuring good medical care in custody where physical health was an issue). However, once a sentence is imposed, there are very narrow circumstances in which remand for re-sentencing is appropriate. *See* 18 U.S.C. § 3742(f). Remand is generally only proper where there was an error below. *Id.* Here, the district court did not consider Mize's cirrhosis because it was diagnosed months after the sentence was rendered. Thus, it cannot be said that the district court erred in failing to consider this factor.

Since he developed cirrhosis, Mize has frequently requested treatment from the medical providers in his current placement. Although Mize has expressed discontent with the treatment he has received, he has been told the same thing repeatedly—stage IV cirrhosis is not treatable, in fact, pain medication is metabolized in the liver and so it would make his cirrhosis worse. Based on the medical records Mize submitted, we have no reason to believe that Mize lacks access to appropriate treatment. *Cf. Bruce*, 437 F. App'x at 368–69 (upholding sentence where court ensured defendant had proper care).

Despite our compassion for Mize's predicament, the fact is that all inmates run some risk of falling ill, and even passing away, during the course of their sentences. Even where a defendant is sick at the time of sentencing, we have upheld relatively long sentences like the one here. *E.g.*,

*United States v. Bell*, 385 F. App'x 448, 453 (6th Cir. 2010) (finding 151-month sentence substantively reasonable despite defendant's argument that his heart condition meant he would likely die in prison). Other circuits have done the same. *See, e.g.*, *United States v. Sullivan*, 414 F. App'x 477, 481 (3rd Cir. 2011) (affirming a 180-month sentence where the district court found chronic pulmonary disease and emphysema did not warrant a downward departure); *United States v. Mendoza*, 388 F. App'x 359, 361 (4th Cir. 2010) (upholding a 360-month sentence for a drug offense where the defendant had no prior criminal history and was suffering from cancer and diabetes). For these reasons, there is no error in Mize's sentence, despite his progressing illness. Without error, a remand would be improper. *See* 18 U.S.C. § 3742(f).[1]

### III.  CONCLUSION

Accordingly, we **AFFIRM** the sentence imposed by the district court.

---

[1]As an alternative to requesting remand, Mize may be able to move, through the Director of the Bureau of Prisons, for a modification of his sentence if his circumstances would be considered "extraordinary and compelling." *See* 18 U.S.C. § 3582(c). We express no opinion as to whether his circumstances meet this threshold.