RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2004 FED App. 0308P (6th Cir.)
File Name: 04a0308p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

*v.*

No. 03-1136

BRYAN SCOTT SCHRAY,
*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 02-00196—Richard A. Enslen, District Judge.

Submitted: June 25, 2004

Decided and Filed: September 10, 2004

Before: KEITH and CLAY, Circuit Judges; O'MEARA,
District Judge.*

_____

## COUNSEL

**ON BRIEF:** Frank E. Stanley, Grand Rapids, Michigan, for
Appellant. B. Rene Shekmer, ASSISTANT UNITED

_____

* The Honorable John Corbett O'Meara, United States District Judge
for the Eastern District of Michigan, sitting by designation.

STATES ATTORNEY, Grand Rapids, Michigan, for
Appellee.

_____

## OPINION

_____

CLAY, Circuit Judge. Defendant, Bryan Scott Schray,
appeals a January 10, 2003 judgment of the United States
District Court for the Western District of Michigan,
sentencing Defendant to 120 months imprisonment for
manufacturing more than one thousand marijuana plants, in
violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A)(vii).
For the reasons set forth below, we **VACATE** the sentence
and **REMAND** for re-sentencing.

### BACKGROUND

On August 14, 2002, Defendant, represented by counsel,
entered into a written waiver of the indictment requirement
for the charges of having manufactured more than one
thousand marijuana plants, in violation of 21 U.S.C.
§ 841(a)(1) and § 841(b)(1)(A)(vii). On the same day,
Defendant entered into a plea agreement admitting that on or
about June 17, 2002, in Ingham County, in the Western
District of Michigan, Defendant committed the offenses with
which he was charged.

On December 23, 2002, the government made a motion for
a downward departure under U.S. SENTENCING GUIDELINES
MANUAL ("U.S.S.G.") § 5K1.1, based on Defendant's
substantial assistance to the government in the investigation
of others. Defendant later made a separate motion for
downward departure based upon his rehabilitation, although
no guidelines provision provided for such a departure. *See*
18 U.S.C. § 3553(b)(1) (allowing for departure from the
guidelines, where "the court finds that there exists an
aggravating or mitigating circumstance of a kind, or to a

degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines").

On January 10, 2003, the district court held a sentencing hearing. After hearing arguments in favor of the requested departures, the district court declined to grant a downward departure. On the same day, the district court entered judgment, sentencing Defendant to a prison term of 120 months.

On January 17, 2003, Defendant filed a timely notice of appeal.

### DISCUSSION

Defendant's appeal relates only to the denial of the government's motion for a downward departure. Defendant raises two issues. First, Defendant contends that the district court erred as a matter of law in concluding that its only options were to deny the downward departure or to sentence Defendant within the federal sentencing guidelines range. Secondly, Defendant argues that the district court's articulated reasons for denying the departure were not consistent with the sentencing guidelines provisions relating to substantial assistance. Because we find Defendant's first claim to be meritorious, we decline to address the second issue.

The sole issue for review, then, is whether the district court erred as a matter of law in assessing its sentencing options. "A district court's legal conclusions regarding the application of the sentencing guidelines are reviewed *de novo*." *United States v. Miggins*, 302 F.3d 384, 390 (6th Cir. 2002) (citation omitted).

Defendant argues that the district court wrongly assessed its sentencing options, stating that it was not authorized to issue a sentence beneath the statutory minimum but above a

separate range specified by the guidelines. At the sentencing hearing, the district court stated:

The [government's] motion requests no reduction in the guideline scoring, but does request the Court relieve the mandatory minimum sentence of 120 months. The request, if granted, would reduce the sentence from 120 months to somewhere in the guideline range of about 63 to 78 months.

(J.A. at 149.)[1] The figures in the district court's statement derive from separate sources. The Probation Department's Presentence Investigation Report found that the federal sentencing guidelines would mandate a sentence in the range of sixty-three to seventy-eight months, based on Defendant's criminal history category of II, and the total offense level of 25. There was a separate statutory mandatory minimum sentence of 120 months, for Defendant's offense, under 21 U.S.C. § 841(b)(1)(A)(vii).

The district court's statement expressed an understanding that the court faced a choice between the statutory mandatory minimum and the federal sentencing guidelines range. Under this view, if the district court had granted a downward

---

[1]During the sentencing hearing, Defendant did not object to this statement. However, the lack of an objection is of no consequence, because Defendant never had an opportunity to object. Prior to sentencing, Defendant lacked notice of the district court's understanding of its sentencing options. At sentencing, Defendant was not given the opportunity to object after the district court stated its sentencing decision. FED. R. CRIM. P. 51(b) ("If a party does not have an opportunity to object to a ruling or order, the absence of an objection does not later prejudice that party."); *United States v. Bostic*, 371 F.3d 865, 871-72 (6th Cir. 2004) (two prior cases in this Circuit have held that there was no opportunity to object where "the aggrieved party did not have notice of the issue prior to district court's pronouncement of the sentence, and the district court did not give the aggrieved party an opportunity to object after it pronounced the sentence") (citing *United States v. Breeding*, 109 F.3d 308, 310 (6th Cir. 1997); *United States v. Hickey*, 917 F.2d 901, 906 (6th Cir. 1990)).

departure from the statutory mandatory minimum (120 months), then the district court would have been prohibited from issuing a sentence greater than the guidelines range's maximum (seventy-eight months). The district court stated that it had to choose between two alternatives: a sentence of 120 months (which was ultimately imposed) or a sentence in the range of sixty-three to seventy-eight months (if the departure were granted). The district court indicated that it lacked authority to impose a sentence in the intermediate range of seventy-eight to 120 months.

The government argues that the district court's statement did not reflect the district court's understanding of the law but, rather, merely restated the government's proposed request for a departure; yet this argument is unpersuasive. The government never requested a sentence within the guidelines range (of sixty-three to seventy-eight months); rather, the government simply requested a departure below the 120-month statutory minimum.[2] Moreover, the government does not have the ability to request anything more than a departure; the extent of the departure is governed by the district court's discretion, as bounded by applicable law. The government cannot impose conditions on a motion for a departure. We have no reason to doubt that the district court's statement reflected its own understanding of the law.

---

[2] (J.A. at 20) (the motion for a downward departure stated, "the Government requests and recommendations release of the 10 year statutory minimum"); (J.A. at 132) (at the sentencing hearing, the government simply stated, "I . . . believe that the release of the mandatory minimum would still provide sufficient punishment for this defendant."); (J.A. at 174) (the Presentence Investigation Report ("PIR") stated that based on the sentencing guidelines "the guideline range for imprisonment is 63 to 78 months. *However, pursuant to U.S.S.G. § 5G1.1(c)(2), the guideline for imprisonment becomes 120 months.*") (emphasis added); (J.A. at 176) (the PIR stated, "Pursuant to the written plea agreement, the government will determine if a downward departure will be recommended . . . .").

The district court's understanding of the law was contrary to *United States v. Stewart*, 306 F.3d 295 (6th Cir. 2002). In *Stewart*, the district court sentenced the defendant below the statutory minimum but above the guidelines range–i.e., the district court granted a sentence of the sort that the district court in the instant case had believed it was prohibited from granting. The defendant appealed, arguing that–consistent with the district court's understanding in the instant case–after the departure was granted, a sentence within the guidelines range was required. *Id.* at 331. But this Court held that it was permissible for the district court to sentence the defendant to anything beneath the statutory minimum; the term can exceed the guidelines range. *Id.* at 332 ("[W]e now . . . hold that the appropriate starting point for calculating a downward departure under 18 U.S.C. § 3553(e) is the mandatory minimum sentence itself."). Applying *Stewart* to the instant case, if Defendant's motion for a downward departure had been granted, then the district court would have been permitted to sentence Defendant to anything under 120 months (i.e., the statutory minimum). In granting the downward departure, the district court would not have been forced to sentence Defendant within the range of sixty-three to seventy-eight months (i.e., the guidelines range that would have applied, absent the statutory minimum). The district court's statement was contrary to *Stewart*.

The question, then, becomes whether this Court has jurisdiction to review the district court's denial of the downward departure. The statute governing appellate jurisdiction contains language that covers the present case: this Court has jurisdiction to determine whether a sentence "was imposed as a result of an incorrect application of the sentencing guidelines." 18 U.S.C. § 3742(a)(2).

As stated in *United States v. Smith*, 278 F.3d 605, 609 (6th Cir. 2002), "[a] district court's denial of a downward departure can be reviewed by this Court only if the district court incorrectly believed that it lacked the authority to grant such a departure as a matter of law." The government argues

that the district court's awareness of its ability to impose a sentence below the statutory minimum but above the guidelines range was evinced by the district court's citation of *United States v. Snelling*, 961 F.2d 93 (6th Cir. 1991) (per curiam). However, in *Snelling*, the relevant issue that this Court dealt with was whether there is a lower limit on the sentence that the district court can impose where a departure is granted; this Court ruled that the bounds of the pertinent statute and reasonableness impose a lower limit. *Id.* at 96-97. Yet the instant case deals with a different issue–the upper limit on the sentencing range, where a departure is granted. (In the instant case, the district court wrongly perceived that if it had granted a departure, then the upper limit on the sentence would have been seventy-eight months.) This issue was not dealt with in *Snelling*; thus, the *Stewart* case (decided more than a decade after *Snelling*) correctly stated that the issue of the upper limit was "an issue of first impression in this Circuit." *Stewart*, 306 F.3d at 331. Moreover, in the instant case, the district court's citation to *Snelling* could not possibly have shown awareness of the correct principle of law, because (as explained above) the district court's statement of law was contrary to *Stewart*.

In the present case, the district court "incorrectly believed that [as a matter of law] it lacked the authority to grant . . . a departure," in the form of a sentence beneath 120 months but more than seventy-eight months. *Smith*, 278 F.3d at 609. This Court has jurisdiction to review the denial of a downward departure where the district court was aware of its authority to depart but was unaware of the full scope of this authority–as was the case here, where the district court erroneously believed that it would have lacked authority to issue a sentence above the sentencing guidelines range, if a downward departure from the statutory minimum had been granted.

In federal sentencing: "[o]nce the court of appeals has decided that the district court misapplied the Guidelines, a remand is appropriate unless the reviewing court concludes,

on the record as a whole, that the error was harmless, i.e., that the error did not affect the district court's selection of the sentence imposed." *United States v. Hopkins*, 295 F.3d 549, 553 (6th Cir. 2002) (citing *Williams v. United States*, 503 U.S. 193, 203, 112 S. Ct. 1112, 117 L. Ed. 2d 341 (1992)).

There is no basis for a conclusion that the error was harmless, in the instant case. In denying the motion for a downward departure, the district court acknowledged that Defendant had provided assistance, though the district court ultimately concluded that Defendant's extensive drug dealing and violent tendencies outweighed this consideration. (J.A. at 149-50) ("In this case, the defendant's assistance, although valuable to the plaintiff, provides strong reasons why the public should be protected from this individual."). Hence, there is a possibility that the district court's ultimate conclusion was influenced by its misunderstanding of its sentencing options. For instance, the district court may have felt that Defendant's "valuable" assistance justified a departure to a sentence of 115 or 105 months, but no shorter sentence than that. In such a scenario, the district court would have thought that it was prohibited from granting what it deemed to be the most appropriate sentence, wrongly believing that it had to choose between the alternatives of a 120-month sentence or a sentence within the range of sixty-three to seventy-eight months. The lengthier sentence would have appeared to be the more appropriate of the options, being closer to the district court's optimal sentence. In light of the possibility that the district court's error influenced its sentencing decision, there is no basis for us to conclude that the error was harmless. Thus, a remand is required.

## CONCLUSION

For the aforementioned reasons, we **VACATE** the sentence and **REMAND** the case for re-sentencing in a manner consistent with this opinion.