NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0740n.06
Filed: December 4, 2008

**Nos. 07-6345, 07-6346**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF TENNESSEE |
| David Aaron Becker | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: ROGERS, SUTTON, and McKEAGUE, Circuit Judges.

ROGERS, Circuit Judge. Defendant David Becker appeals his sentence of life imprisonment for production of child pornography. Becker entered a plea agreement in which the government agreed to file a motion for downward departure from the mandatory minimum life sentence if Becker provided substantial assistance in the Government's enforcement efforts against other sex offenders. The government filed the motion, and the district court denied it. This court does not review the denial of a motion for downward departure where the district court was aware that it had discretion to impose a sentence below the mandatory minimum, did not impose the sentence in violation of the law, and did not misapply the Sentencing Guidelines. We affirm.

**I.**

Based on a tip concerning the receipt and possession of child pornography, agents of the FBI and the Knoxville Police Department Internet Crimes Against Children Task Force executed a

"knock and talk" at David Becker's Tennessee residence on January 30, 2007. Becker consented to speak with the officers, and during the interview confessed to a number of crimes. He admitted to having had sexual contact with three minors, whom he identified by name, at his residence since 2001. Becker also admitted that he had served a sentence under a different name for sexually molesting several children in Colorado, and that he used methods similar to those he used in Colorado to prepare, or "groom," his Tennessee victims to accept his sexual advances.

Becker admitted to having child pornography on his computer and consented to a search. He confessed to downloading child pornography as well as to producing and distributing over the internet a video that depicted Becker molesting a thirteen-year-old boy. Becker used websites, newsgroups, and peer-to-peer sharing software to receive and distribute images. Forensic examination of Becker's computer uncovered approximately 27,000 images of child pornography.

Becker was charged by indictment for receiving child pornography in violation of 18 U.S.C. § 2252(a)(2) and (b)(1) and by information for producing child pornography in violation of 18 U.S.C. §§ 2251(a) and 3559(e). 18 U.S.C. § 3559(e) imposes a mandatory life sentence for persons convicted of repeated sexual offences against minors. Becker stipulated to the facts giving rise to these charges and entered a single plea agreement applicable to both. The agreement specified that, if the prosecution determined in its sole discretion that Becker provided substantial assistance to the Government, the Government would file a motion for downward departure pursuant to United States Sentencing Guideline § 5K1.1 and 18 U.S.C. § 3553(e). The agreement specified that Becker was subject to a life sentence on the production of child pornography charge and that the district court

would be able to impose a sentence up to the maximum allowed by the law based on a broad range of considerations—including Becker's criminal conduct, his criminal history, and the factors set forth in the Sentencing Guidelines.

The Government ultimately did file a motion for downward departure, listing three ways that Becker assisted the Government: (1) that he submitted to a comprehensive polygraph examination; (2) that he provided corroborating evidence that aided the ongoing investigation of another local sex offender; and (3) that he identified as many as seventeen of his former victims, thus allowing officials to contact the victims' families and to provide the victims with counseling and other social services.

Taking into account the presentence report, the Government's motion for downward departure, the factors specified in U.S.S.G. § 5K1.1 for granting such a motion, the advisory Guidelines sentence, and the 18 U.S.C. § 3553(a) factors, the district court rejected the motion for downward departure and imposed a life sentence. The sentence consisted of a forty-year sentence for receipt of child pornography to be served concurrently with the life sentence for production of child pornography. The court noted, as one reason among many for its decision, that Becker's assistance had not led to any prosecutions other than his own.

Becker appealed, claiming that the life sentence was imposed based on a misapplication of the Sentencing Guidelines.

**II.**

This court does not review the district court's decision not to grant the motion for downward departure. The district court acknowledged that the advisory Guidelines range for Becker's production of child pornography conviction would be 292 to 365 months but for the fact that the statute carried a mandatory life sentence, which accordingly became the Guidelines sentence. The district court made clear its awareness that the Guidelines sentence was advisory and that the court had discretion to grant the Government's motion and to make a downward departure from the mandatory life sentence. *See* 18 U.S.C. 3553(e). Knowing it had the authority to do otherwise, the district court exercised its discretion to deny the motion and to impose the statutory minimum sentence. As this court held in *United States v. Puckett*, 422 F.3d 340, 345 (6th Cir. 2005), "[W]e shall not review decisions of a district court not to depart downward unless the record reflects that the district court was not aware of or did not understand its discretion to make such a departure."

While this principle does admit several exceptions, none applies here. Becker's sentence would be reviewable, despite the district court's knowledge of its discretion, if the sentence had been "imposed in violation of the law" or "imposed as a result of an incorrect application of the guidelines," *id.* at 346 (citing 18 U.S.C. § 3742(a)), but neither of those circumstances occurred in Becker's case. Becker has not alleged that the district court miscalculated the Guidelines range applicable to his crimes or that the district court applied an illegal sentence.[1] Rather, he argues that the district court improperly understood the scope of its discretion to depart from the mandatory

---

[1]We cannot say that an abuse of discretion would amount to an illegal sentence in this context without effectively overruling *Puckett*.

minimum life sentence and therefore misapplied the Guidelines and the law. Becker focuses on the fact that 18 U.S.C. § 3553(e) and the parallel Guidelines provision in U.S.S.G. § 5K1.1 allow the district court, upon motion of the Government, to impose a sentence below the minimum established by statute where the defendant substantially assisted "in the *investigation* or prosecution of another person who has committed an offense." (Emphasis supplied.) Becker argues that the district court's focus on the fact that Becker's assistance did not lead to any prosecutions other than his own is evidence that the district court did not know that it had authority to depart from the minimum statutory sentence based solely on assistance in the *investigation* of one other individual. Contrary to Becker's assertions, the district court was fully aware of its discretion. The district court listed the lack of other prosecutions as one reason why it did not believe that Becker's assistance was sufficiently substantial to merit a downward departure, not as evidence that it lacked authority to impose a sentence below the statutory minimum.

Caselaw does suggest that review may be proper where the district court was aware of its authority to depart from the minimum statutory sentence, but was unaware of the full scope of that authority. *See United States v. Schray*, 383 F.3d 430, 434 (6th Cir. 2004). The situation in *Schray*, however, was not similar to Becker's situation. In that case, two provisions applied to the offense in question—one was a mandatory ten-year minimum set out in a crime-specific statute and the other was the sixty-three to seventy-eight month range set out in the Sentencing Guidelines. *Id.* at 432. The district court incorrectly believed that if it departed from the mandatory minimum in the statute, it would have to impose a sentence within the Guidelines range. *Id.* at 433. The district court that

sentenced Becker was aware that it could depart from the statutory minimum, but it chose not to do so. This decision was within the district court's discretion and, under *Puckett*, is unreviewable by this court.

Even generously construing Becker's argument as challenging his ultimate sentence on reasonableness grounds, *see United States v. McBride*, 434 F.3d 470, 476-77 (6th Cir. 2006), and further assuming for the sake of argument that such review is permitted notwithstanding the minimum sentence, Becker's within-Guidelines sentence was reasonable. The district court's extensive analysis of the § 3553 factors amply supports this conclusion.

Becker requested that if this court overturned his life sentence for producing child pornography, it also consider the legality of his forty-year sentence for receiving child pornography. Because we affirm the district court's order imposing a life sentence for the former charge, we do not review the forty-year sentence for the latter charge.

**III.**

For the foregoing reasons, we AFFIRM the district court's order imposing a sentence of life imprisonment for receiving child pornography.