NOT RECOMMENDED FOR PUBLICATION
File Name: 18a0180n.06

No. 17-5689

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

<table>
<tr><td>UNITED STATES OF AMERICA,</td><td>)</td></tr>
<tr><td style="padding-left:2em">Plaintiff-Appellee,</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>v.</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>ARTHUR WAYNE KNIFFLEY,</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td style="padding-left:2em">Defendant-Appellant.</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
</table>

**FILED**
Apr 06, 2018
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE WESTERN
DISTRICT OF KENTUCKY

BEFORE:    BOGGS, BATCHELDER, and THAPAR, Circuit Judges.

BOGGS, Circuit Judge.    Arthur Kniffley appeals his conviction and sentence for producing child pornography, in violation of 18 U.S.C. § 2251(a), (e).  We affirm his conviction and sentence.

**I**

**a. Kniffley's 2010 "Distributing and Possessing" Conviction**

In 2008, the FBI discovered that a computer associated with a Louisville IP address had sent child pornography to an undercover agent.  The Louisville FBI traced the computer's IP address to Kniffley's home.  On October 29, 2008, the FBI executed a search warrant at Kniffley's home and seized a Dell computer and a Polaroid digital camera.  Forensic analysis showed that the devices contained 985 images of child pornography, including roughly 100 images and videos of a young African-American boy that the FBI could not then identify.

That same day, an FBI agent interviewed Kniffley.  Kniffley admitted that he had used a file-sharing program to obtain child pornography and indicated to the agent which photos he had

possessed and distributed. Kniffley was charged with distributing and possessing 985 images "portraying a minor in a sexual performance," in violation of 18 U.S.C. § 2252A(a)(2)(B) and § 2252A(a)(5)(B). Kniffley pleaded guilty to those charges and was sentenced to 210 months of imprisonment in 2010.

### b. Kniffley's 2013 "Producing" Charges, Trial, and Sentencing

#### i. Charges for "Producing"

In July 2013, a young man named James Moore came forward to the FBI and identified himself as one of the victims in the photographs found on Kniffley's computer. Moore explained that he knew Kniffley because Kniffley had been romantically involved with Moore's aunt. While Kniffley was dating Moore's aunt, Kniffley frequently spent time alone with Moore and bought him expensive gifts. During this time, Moore stated that Kniffley had taken pornographic photographs of Moore. Moore was between 11 and 15 years old.

The FBI re-analyzed the photos that were seized from Kniffley's computer and camera and determined that 35 of the photos seized in 2008 were photographs and videos of Moore.

On August 19, 2015, a federal grand jury charged Kniffley with three counts of producing child pornography, in violation of 18 U.S.C. § 2251(a), (e). Each of the images that Kniffley was charged with producing came from the camera and computer seized in 2008.

#### ii. Trial on "Producing"

Kniffley filed a motion to dismiss the indictment, arguing that his previous prosecution for distributing and possessing the 985 pornographic images foreclosed a prosecution for producing 35 of those same images. The district court denied the motion to dismiss, relying on the *Blockburger* test to hold that the various statutes each required proof of a fact that the others did not. *See Blockburger v. United States*, 284 U.S. 299 (1932).

On June 21, 2016, the government filed a motion in limine to admit evidence of Kniffley's 1996 Kentucky state conviction for three counts of first-degree sexual abuse. Fed. R. Evid. 414 allows the prosecution to introduce evidence of previous child molestation in a case in which the defendant is charged with child molestation. "Child molestation" is defined broadly in the rule. In response to the government's motion in limine, Kniffley raised a Fed. R. Evid. 403 objection arguing that evidence of the 1996 conviction was substantially more unfairly prejudicial than it was probative. The district court overruled Kniffley's objection and allowed the government to offer testimony from a detective who secured Kniffley's confession to the 1996 charges and evidence of the conviction itself.

During trial, Kniffley requested that the jury be instructed that, if convicted, he was subject to a mandatory life sentence under 18 U.S.C. § 3559(e) because of his 1996 Kentucky state-court conviction. The district court rejected Kniffley's proposed jury instruction, emphasizing that the jury's "job is to decide guilt or innocence." Instead, the district court instructed the jury that "it will be [the judge's] job to decide what the appropriate punishment should be."

The jury found Kniffley guilty of all three counts of producing child pornography.

### iii. Sentencing for "Producing"

Following Kniffley's conviction, the district court conducted a sentencing hearing. 18 U.S.C. § 3559(e)(1) requires a sentence of life imprisonment when "[a] person who is convicted of a Federal sex offense in which a minor is the victim . . . has a prior sex conviction in which a minor was the victim, unless the sentence of death is imposed."[1] Kniffley's 1996

---

[1] Even without the mandatory sentencing statute, Kniffley's Sentencing Guidelines range was also life imprisonment.

conviction for child molestation qualifies as a prior sex conviction in which a minor was the victim.

Kniffley moved the district court to sentence him without regard to the mandatory minimum sentence of life imprisonment imposed by 18 U.S.C. § 3559(e)(1). The district court denied the motion. The district court sentenced Kniffley to concurrent terms of life imprisonment on each of the three counts, to run concurrently with his prior federal sentence, and to supervised release for life.

## II

Kniffley raises four arguments on appeal. First, Kniffley argues that his conviction for producing child pornography violates the Double Jeopardy Clause of the Fifth Amendment because his 2010 conviction for possessing and distributing child pornography involved some of the same images. This court reviews de novo a district court's denial of a motion to dismiss on double-jeopardy grounds. *United States v. Cameron*, 953 F.2d 240, 243 (6th Cir. 1992).

Second, Kniffley argues that the imposition of a mandatory life sentence pursuant to 18 U.S.C. § 3559(e) violates the Eighth Amendment's prohibition on cruel and unusual punishment because it is "grossly disproportionate" to the crime and circumstances of this case, under *Harmelin v. Michigan*, 501 U.S. 957 (1991). An Eighth Amendment challenge to a sentence is reviewed de novo. *United States v. Jones*, 569 F.3d 569, 573 (6th Cir. 2009).

Third, Kniffley argues that the jury should have been instructed that Kniffley was subject to a mandatory life sentence. A district court's decision on a proposed jury instruction is reviewed for an abuse of discretion. *United States v. Ursery*, 109 F.3d 1129, 1136 (6th Cir. 1997). A refusal to give requested instructions is reversible error only if (1) the instructions are correct statements of the law; (2) the instructions are not substantially covered by other delivered

charges; and (3) the failure to give the instruction impairs the defendant's theory of the case. *United States v. Newcomb*, 6 F.3d 1129, 1132 (6th Cir. 1993).

Fourth, Kniffley argues that evidence of his 1996 Kentucky conviction should have been excluded under Fed. R. Evid. 403 because its probative value was substantially outweighed by the danger of unfair prejudice. A district court's rulings on evidentiary matters are reviewed for an abuse of discretion. *United States v. Underwood*, 859 F.3d 386, 392–93 (6th Cir. 2017).

## III

### a. 2013 Conviction for "Producing" Does Not Violate Double Jeopardy

Kniffley first argues that his § 2251(a) prosecution for *producing* child pornography violates the Double Jeopardy Clause of the Fifth Amendment because he was previously prosecuted for *possessing* child pornography under § 2252A(a)(5)(B). The Double Jeopardy Clause of the Fifth Amendment provides that "nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb . . . ." U.S. CONST. amend. V. In *Blockburger v. United States*, the Supreme Court created the framework to determine whether a subsequent prosecution was for the "same offence":

> The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

*Blockburger*, 284 U.S. at 304.

Thus, the court must analyze the statutory elements of the two charges. The "producing" statute, which forms the basis of Kniffley's current appeal, covers:

> Any person who employs, uses, *persuades, induces, entices, or coerces* any minor to engage in, or who has a minor assist any other person to engage in, or *who transports any minor* in or affecting interstate or foreign commerce, or in any Territory or Possession of the United States, with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual

depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, shall be punished as provided under subsection (e), if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

18 U.S.C. § 2251(a) (emphasis added).

The "distributing and possessing" statute, the basis for Kniffley's 2010 conviction, covers:

(a) Any person who-
    (2) knowingly receives or distributes—
        (B) any material that contains child pornography that has been mailed, or using any means or facility of interstate or foreign commerce shipped or transported in or affecting interstate or foreign commerce by any means, including by computer;
    (5) either-
        (B) knowingly possesses, or knowingly accesses with intent to view, any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer . . . ."

18 U.S.C. § 2252A(a)(2)(B), (a)(5)(B).

Kniffley argues that his 2010 conviction for distributing and possessing child pornography bars the 2013 prosecution for producing some of the same images. Kniffley reasons that you cannot "produce" an image without simultaneously "possessing" it. Kniffley relies on *United States v. Ehle*, 640 F.3d 689, 694 (6th Cir. 2011), in which this court held that

convictions for receiving and possessing the same child pornography violated double jeopardy. In a straightforward application of *Blockburger*, this court found that the "possessing provision does not require[] proof of any fact that the receiving provision does not." *Ibid.* And that "one obviously cannot 'receive' an item without then also 'possessing' that item, even if only for a moment." *Id.* at 694–95. Kniffley argues that, similarly, he could not "produce" pornography without simultaneously "possessing" it.

Kniffley's argument has intuitive appeal, but it is not legally persuasive. At first blush, it seems metaphysically impossible to "produce" an image in the lay sense without simultaneously possessing it. After all, Kniffley's method of production, literally photographing Moore using Kniffley's camera, would simultaneously qualify as both producing and possessing, under the terms of the statutes. However, the *Blockburger* analysis requires this court to analyze the legal elements of the two charges, not the common sense meaning of the terms "possess" and "produce" or the method by which this particular defendant violated both statutes.

The "producing" statute, § 2251, does not actually require the defendant to either distribute or possess the pornography, as required under § 2252A(a)(2)(B) and § 2252A(a)(5)(B). For example, it is possible to "produce" child pornography under the terms of § 2251 by persuading a minor to take sexually explicit photos of themselves or by transporting a minor with the intent that someone else takes sexually explicit photographs of them. In other words, persuading or facilitating the creation of child pornography is itself "producing" child pornography, even though the defendant never "possessed" or "distributed" the end result. And the "producing" statute, § 2251, requires proof that the defendant used a minor to *produce* child pornography, which neither the "possessing" nor the "distributing" statutes require.

For example, someone may certainly be guilty of possessing or distributing child pornography without having played any role in its production.

Because each statute requires proof of a fact that the other statute does not, Kniffley's 2010 conviction for distributing and possessing child pornography did not bar his 2013 prosecution for producing some of the same images.

### b. 18 U.S.C. § 3559(e)'s Mandatory Life Sentence Does Not Violate the Eighth Amendment

Kniffley next argues that his mandatory life sentence imposed pursuant to 18 U.S.C. § 3559(e) is so grossly disproportionate to the offense committed that it violates the Eighth Amendment's prohibition on cruel and unusual punishment. 18 U.S.C. § 3559(e)(1) requires a sentence of life imprisonment when "[a] person who is convicted of a Federal sex offense in which a minor is the victim . . . has a prior sex conviction in which a minor was the victim, unless the sentence of death is imposed." Kniffley does not dispute that his 1996 Kentucky state court conviction for child molestation triggers § 3559(e)(1).

The Sixth Circuit has adopted the "narrow proportionality principle" announced in *Harmelin*, 501 U.S. at 997 (Kennedy, J., concurring), finding that the Eighth Amendment "is offended only by an extreme disparity between crime and sentence." *Jones*, 569 F.3d at 573 (quoting *United States v. Hopper*, 941 F.2d 419, 422 (6th Cir. 1991)). This court will assess whether the gravity of the offense and the severity of the sentence "leads to an inference of gross disproportionality," *United States v. Abdulmutallab*, 739 F.3d 891, 906 (quoting *Harmelin*, 501 U.S. at 1005 (Kennedy, J., concurring)), but must "grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes . . . ." *Solem v. Helm*, 463 U.S. 277, 290 (1983).

Here, § 3559(e)(1) represents Congress's reasoned judgment that recidivism in sexual crimes against children ought to trigger a much harsher sentence. The Supreme Court has held that Congressional imposition of harsh sentences on recidivists does not violate the Eighth Amendment. *Ewing v. California*, 538 U.S. 11, 25–26 (2003). Moreover, "[t]here can be no serious contention . . . that a sentence which is not otherwise cruel and unusual becomes so simply because it is 'mandatory.'" *Harmelin*, 501 U.S. at 994–95 (noting that severe mandatory penalties may be cruel, but "they are not unusual in the constitutional sense"). And of course, the Sixth Circuit has "consistently recognized the seriousness of crimes involving the sexual exploitation of minors." *United States v. Ball*, 530 F. App'x 505, 506 (6th Cir. 2013); *see United States v. Hart*, 635 F.3d 850, 859 (6th Cir. 2011).

The thrust of Kniffley's proportionality argument is that the conduct that formed the basis of his producing charge—using a digital camera to take photographs of 11–15-year-old Moore exposing his genitalia and performing manual masturbation upon himself—would only be subject to a mandatory minimum sentence of 15 years and a maximum of 30 years, *but for* his 1996 conviction for child molestation. This is true, but it is not remotely persuasive. Kniffley does not fall into a class of defendants unblemished by prior sex crimes against minors. Prior to producing the child pornography at issue on this appeal, Kniffley pleaded guilty to molesting three minors under the age of 10, triggering the enhanced penalty under the recidivism statute.

Kniffley points only to cases in which the imposition of the mandatory life sentence under § 3559(e)(1) appears even *more* reasonable, based on relatively "worse" conduct by those defendants. *See United States v. Becker*, 302 F. App'x 417, 418 (6th Cir. 2008) (noting that the defendant confessed to distributing a video over the internet showing the defendant molesting a thirteen-year-old boy). However, Kniffley cannot point to any cases in which a court has held

that the mandatory life sentence imposed by 18 U.S.C. § 3559(e)(1) violated the Eighth Amendment, let alone that the facts of those non-existent cases mirror the relative severity of Kniffley's previous child molestation and subsequent production of child pornography.

In support of his proportionality argument, Kniffley also argues that had he been prosecuted in Kentucky state court his sentence may have been less harsh. That the Kentucky legislature has reached the reasoned judgment that this behavior does not require a life sentence does not mean that Congress's determination to the contrary violates the Eighth Amendment.

Kniffley's reliance on *Miller v. Alabama*, 567 U.S. 460, 475 (2012), is similarly unavailing. In *Miller*, the Supreme Court held that a mandatory sentence of life imprisonment without parole was unconstitutional when imposed on minors. However, there are no favorable facts connecting *Miller*, in which the Court afforded extra protections to minors based partially on their mental vulnerability, to the present case, in which Kniffley's previous molestation of vulnerable minors triggers his increased punishment. *See id.* at 471. While § 3559(e)(1) may be harsh, it is not grossly disproportionate to the underlying crime.

### c. The District Court Did Not Err By Not Instructing Jury that Kniffley Was Subject to a Mandatory Life Sentence

Kniffley next argues that the district court erred both by rejecting his proposed instruction and by using an instruction that Kniffley says was misleading. Kniffley's proposed jury instruction would have informed the jury that, if convicted, Kniffley would be subject to a mandatory life sentence.[2] Instead, the court provided the following instruction:

---

[2] Kniffley submitted the following proposed jury instruction:

**Statutes Involved**

Pursuant to Title 18, United States Code, Section 2251(a), "[a]ny person who employs, uses, persuades, induces, entices, or coerces any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct" is guilty of a federal criminal offense "if that visual depiction was produced . . . using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means . . . ." Pursuant to Title

**INSTRUCTION NO. 6**

If you decide that the government has proved the Defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Your job is to look at the evidence and decide if the government has proved the Defendant guilty beyond a reasonable doubt.

### i. The Rejection of Kniffley's Proposed Instruction Was Not An Abuse of Discretion

This court reviews a district court's rejection of a proposed jury instruction for an abuse of discretion. *Ursery*, 109 F.3d at 1136. A district court's rejection of the defendant's proposed jury instruction is only reversible error if the rejected instruction was "(1) correct, (2) not substantially covered by the actual jury charge, and (3) so important that failure to give it substantially impairs [the] defendant's defense." *Hart*, 635 F.3d at 854 (quoting *United States v. Heath*, 525 F.3d 451, 456 (6th Cir. 2008)).

Because federal judges, rather than juries, sentence defendants in non-capital cases, "it is well established that when a jury has no sentencing function, it should be admonished to 'reach its verdict without regard to what sentence might be imposed.'" *Shannon v. United States*, 512 U.S. 573, 579 (1994) (footnote omitted) (quoting *Rogers v. United States*, 422 U.S. 35, 40 (1975)). This court has held that instructing a jury about the possible penalties invites the jury to "ponder matters that are not within [its] province, distracts [it] from [its] factfinding responsibilities, and creates a strong possibility of confusion." *Ibid.* The Supreme Court has articulated two narrow exceptions to the general rule against instructing juries about sentences in federal criminal cases: (1) if an attorney or witness at trial misstated the consequence of a guilty

---

18, United States Code, Section 3559(e), any person convicted of violating Title 18, United States Code, Section 2251(a) "shall be sentenced to life imprisonment if the person has a prior sex conviction in which a minor was the victim . . . ." There is no parole in the federal system, and a person sentenced to life imprisonment will not be released on parole.

verdict or (2) when a federal statute requires that the jury be instructed about the possible sentence. *See id.* at 587–88. Kniffley acknowledges that that neither occurred here.

Kniffley's proposed instruction was "substantially covered by the actual jury charge" per *Hart* because the district court correctly explained the difference between the jury's role and the judge's role in sentencing.

### ii. The Instruction Given Was Correct and Not Misleading

Kniffley also argues that the actual instruction provided to the jury was misleading because it wrongly implied that the district court had discretion to avoid the statutory penalty. The court instructed jurors that "[i]f you decide that the government has proved the Defendant guilty, then it will be my job to decide what the appropriate punishment should be."

However, this instruction was neither incorrect nor misleading. It *was* the district court's job to determine whether Kniffley's 1996 Kentucky conviction satisfied the requirements of § 3559(e). *If* the district court judge concludes that the defendant's prior conviction triggers the mandatory penalty imposed by § 3559(e), *then* the district court has no discretion to impose an alternative sentence. But the district court had to determine whether Kniffley's prior conviction triggered the recidivism statute in the first place.

### d. The District Court Did Not Err in Admitting Evidence of Kniffley's 1996 Conviction Over a Rule 403 Objection

Kniffley also appeals the admission of evidence relating to his previous child molestation over his Fed. R. Evid. 403 objection. However, Kniffley's objection faces four difficult hurdles. First, the balancing contemplated in Fed. R. Evid. 403 is tilted firmly towards admission rather than exclusion. *See* Fed. R. Evid. 403 (establishing that evidence will be excluded only if its probative value is "substantially" outweighed by the danger of unfair prejudice). Second, Fed. R. Evid. 414 authorizes the jury to consider previous child molestation evidence for propensity

purposes, increasing the permissible probative weight of the evidence for Rule 403 balancing. *United States v. Seymour*, 468 F.3d 378, 384–85 (6th Cir. 2006) (noting that Rule 414 creates an exception to the general ban on propensity evidence). Third, the district court is granted broad discretion in making evidentiary rulings. *Underwood*, 859 F.3d at 392–93 (reviewing evidentiary rulings for an abuse of discretion). Fourth, admission of other-acts evidence is subject to harmless-error analysis. *United States v. Hardy*, 643 F.3d 143, 153 (6th Cir. 2011).

Rule 414(a) provides that "[i]n a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant." Fed. R. Evid. 414(a). Thus, Rule 414 creates an "exception to the general ban on propensity evidence" contained in Rule 404(b). *Seymour*, 468 F.3d at 385. And Rule 414 defines "child molestation" broadly to include "any conduct prohibited by 18 U.S.C. chapter 110." Kniffley does not dispute that both his 1996 Kentucky conviction and his 18 U.S.C. § 2251 charge for producing child pornography fall within the definition of "child molestation" for the purposes of triggering Fed. Rule 414.

However, Kniffley objected pursuant to Rule 403. Evidence shall only be excluded by Rule 403 if its "probative value is substantially outweighed by a danger of . . . unfair prejudice . . . ." Fed. R. Evid. 403. In reviewing an overruled Rule 403 objection, this court will give "evidence its maximum reasonable probative force and its minimum reasonable prejudicial value." *Seymour*, 468 F.3d at 386 (quoting *United States v. Schrock*, 855 F.2d 327, 333 (6th Cir. 1988)).

The government argues that the admission of the previous child molestation was probative because it demonstrated Kniffley's motive, knowledge, and intent to produce child

pornography. To obtain a conviction under 18 U.S.C. § 2251(a), the government needed to prove that Kniffley had the "intent" to cause a minor to engage in sexually explicit conduct. That Kniffley previously intentionally molested children makes it at least somewhat more likely that he intentionally (rather than inadvertently) caused Moore to engage in sexually explicit conduct in the present case, and Rule 414 allows juries to consider evidence of previous child molestation for propensity purposes. *See Seymour*, 468 F.3d at 385.

Kniffley counters that admission of the 1996 conviction and accompanying confession was not particularly probative because the previous conduct differed significantly from the current charge. For instance, Kniffley contrasts his previous misconduct, physically molesting three children under the age of ten more than twenty times, with photographing the somewhat older Moore on just three separate occasions. However, that the previous misconduct is *more* serious does not mean that the previous molestation does not provide *some* evidence of Kniffley's intent to commit the current charge.

Kniffley also argues that the previous child molestation was too remote to be probative. However, this court has held that admitting evidence of child molestation that occurred twenty years prior to the current charges over a Rule 403 objection was not an abuse of discretion, noting that Congress intended there to be "no time limit" on the admissibility of evidence of previous child molestation. *Underwood*, 859 F.3d at 393.

Next, Kniffley argues that introducing testimony from the detective who obtained Kniffley's 1996 confession, as opposed to merely introducing the conviction itself, was unfairly prejudicial because it was inflammatory. However, this is similar to *Underwood* where this court upheld the introduction of testimony describing the abuse and not merely the conviction. *Underwood*, 859 F.3d at 389, 393–94. Kniffley is correct that the evidence of previous child

molestation was not particularly probative in this case, but it cannot be said that Kniffley suffered "unfair" prejudice, and it certainly cannot be said that its probative value was "substantially outweighed" by that unfair prejudice.

*Even if* there were a danger of unfair prejudice, the district court's strong limiting instruction mitigated the unfair prejudice. *See Murray v. Superintendent, Kentucky State Penitentiary*, 651 F.2d 451, 453 (6th Cir. 1981) (noting that a "a jury is presumed to heed an instruction directing it not to consider a defendant's prior criminal record as evidence in guilt."). The district court instructed the jury that:

**INSTRUCTION NO. 4**

You have heard testimony that the Defendant committed crimes other than the ones charged in the indictment. If you find the defendant did those crimes, you can consider the evidence on any matter to which it is relevant. But remember that the Defendant is on trial here only for the crimes charged in the indictment, not the other acts. Do not return a guilty verdict unless the government proves the crime charged in the indictment beyond a reasonable doubt.

Finally, *even if* the district court abused its discretion in admitting the Rule 414 child molestation evidence over Kniffley's Rule 403 objection, and *even if* the jury instruction did not sufficiently mitigate the danger of unfair prejudice to survive Rule 403 balancing, the error was clearly harmless. As Kniffley himself acknowledged, this child molestation evidence was not, strictly speaking, necessary to a conviction. Moore testified about Kniffley's act of photographing Moore and Kniffley's counsel declined to cross-examine Moore. Given that Kniffley had confessed in 2008 to intentionally possessing these photographs and Moore provided unchallenged testimony that Kniffley himself took those photographs, it could not be said "with fair assurance that the error materially affected the defendant's substantial rights—that the judgment was substantially swayed by the error." *United States v. Murphy*, 241 F.3d 447, 453 (6th Cir. 2001).

**IV**

For the foregoing reasons, we **AFFIRM** the district court.