NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0287n.06

No. 21-1602

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

<table>
<tr><td>UNITED STATES OF AMERICA,</td><td>)</td><td rowspan="2"></td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>    Plaintiff-Appellee,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td>ON APPEAL FROM THE</td></tr>
<tr><td>v.</td><td>)</td><td>THE UNITED STATES DISTRICT</td></tr>
<tr><td></td><td>)</td><td>COURT FOR THE WESTERN</td></tr>
<tr><td></td><td>)</td><td>DISTRICT OF MICHIGAN</td></tr>
<tr><td>FRANK EDWARD KING,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>    Defendant-Appellant.</td><td>)</td><td>OPINION</td></tr>
<tr><td></td><td>)</td><td></td></tr>
</table>

**FILED**
Jul 18, 2022
DEBORAH S. HUNT, Clerk

Before: NORRIS, SUHRHEINRICH, and CLAY, Circuit Judges.

**PER CURIAM.** Frank Edward King appeals the sentence that he received in the wake of entering a guilty plea to possession with the intent to distribute methamphetamine, 21 U.S.C. § 841(a)(1), and to possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A)(i). In his view, the sentence was procedurally unreasonable because the district court failed to explain precisely why it *granted* the government's motion for a downward departure for substantial assistance pursuant to U.S.S.G. § 5K1.1. The grant of the government's motion, of course, resulted in a lesser sentence for Mr. King, which perhaps accounts for defense counsel's decision not to raise any objections to the sentence imposed by the district court. (Page ID 148.)

Defendant pleaded guilty to the above-mentioned charges in 2021 without the benefit of a plea agreement. However, he subsequently cooperated with the government in its ongoing investigation of drug trafficking and prostitution. (Page ID 98.) Based upon that assistance, the

government filed a motion for a two-level downward departure, which it supported in an accompanying brief that outlined the extent and nature of defendant's cooperation.

The district court conducted a sentencing hearing on September 28, 2021, during which it granted the government's motion for a two-level departure. (Page ID 138.) The judge did not ask the government how it determined that a two-level departure was appropriate, nor did she discuss any of the factors listed in U.S.S.G. § 5K1.1(a), such as "risk of injury to the defendant or his family resulting from his assistance," which a court may consider before ruling on a motion for a downward departure based upon substantial assistance. The judge did note, however, that the two-level reduction resulted in defendant's advisory guidelines range falling to between 63 to 78 months of incarceration from a range of 77 to 96 months. After hearing from counsel and from the defendant, the judge imposed a sentence of 63 months for the drug trafficking count and a statutorily required sentence of 60 months imprisonment on the firearms count to be served consecutively. At the conclusion of the hearing, the judge asked counsel if either had, "Any legal objections to the sentence imposed?" (Page ID 148.) Both responded no.

The government contends that we lack jurisdiction to review the district court's grant of a downward departure pursuant to § 5K1.1. Indeed, this Court has observed that "the decisions whether to depart and how much to depart are entirely committed to the district judge's discretion." *United States v. Jones*, 417 F.3d 547, 550 (6th Cir. 2005) (citing U.S.S.G. § 5K1.1; *United States v. Gregory*, 932 F.2d 1167, 1169 (6th Cir. 1991)). "Where, as in this case, the district court grants a downward departure for substantial assistance and the defendant's claim on appeal goes only to the extent of the departure, this Court has no jurisdiction over the appeal." *Id.* at 551 (collecting cases).

As the parties recognize, there is an exception to this general rule: "This Court has jurisdiction to review the denial of a downward departure where the district court was aware of its authority to depart but was unaware of the full scope of this authority . . . ." *United States v. Schray*, 383 F.3d 430, 434 (6th Cir. 2003). Citing *Schray*, defendant argues that, though the district court granted the government's motion, it was unaware of the "full scope of its authority" as evidenced by its failure to review the § 5K1.1(a) factors at sentencing or to provide a rationale for the scope of its downward departure.

At the end of the day, the facts before us compel us to conclude that we lack jurisdiction to review the district court's decision. First, the court was aware that it had the authority to grant a downward departure: it did so. Second, the factors listed in § 5K1.1(a) are, by its own terms, neither exhaustive nor mandatory: "The appropriate reduction shall be determined by the court for reasons stated that *may* include, *but are not limited to*, consideration of [the factors]." U.S.S.G. § 5K1.1(a) (emphasis added). Third, defendant's core complaint is with the extent of the departure, which is not reviewable. *Jones*, 417 F.3d at 551. And, fourth, unlike in *Schray*, 383 F.3d at 433, the district court expressed no reservations about the scope of its ability to depart downward.

The judgment is **AFFIRMED**.